WOODWARD v. SQUIRES & Co.

1. **Statute of Limitations:** INTOXICATING LIQUORS: RECOVERY OF MONEY PAID FOR. Actions for the recovery of money which had been paid for intoxicating liquors, instituted under section 1550 of the Code, will not be barred until five years have elapsed from the time the payment was made.

*Appeal from Des Moines District Court.*

FRIDAY, DECEMBER 10.

THIS action was commenced April 22, 1874, under section 1550 of the Code, to recover money paid for intoxicating liquor sold in violation of law, in the years 1869 and 1870.

The defendant demurred to the petition upon the ground that the action is for a statute penalty, and is barred by the statute of limitations because not brought within two years, under section 2529 of the Code.

This demurrer was sustained and judgment was rendered for defendant for costs.   Plaintiff appeals.

*McCoid & Heron* and *Stutsman & Trulock*, for appellant.

*C. H. Phelps* and *J. & S. K. Tracy*, for appellees.

Section 1550 of the Code has been decided, by implication at least, to be a penal statute. (*Davis v. Slater*, 17 Iowa, 252.) Intoxicating liquor is property, and to deprive it of that character it must be shown to be held with unlawful intent. (*Monty v. Arneson*, 25 Iowa, 383.)   Penal statutes receive a strict interpretation.   (Potter's Dwarris, 245; *Andrews v. U. S.*, 2 Story, 203; *Strinson v. Pond*, 2 Curt., 50.)   Where there is such ambiguity as to leave doubt of their meaning, courts will not inflict the penalty.   (*The Enterprise*, 1 Paine 32; 1 Bish. Cr. Law, §§ 224–5, 249; *State v. Lowell*, 23 Iowa, 314.) The statute simply fixes the penalty: the time within which the action must be brought is determined by the chapter upon limitations.

DAY, J.   Appellees concede that it would have been competent for the legislature to have fixed the period of limitation at five years, or any other time; but they contend that no period of limitation has been prescribed, that the purpose of the statute is to punish the unlawful sale of intoxicating liquors, that the action to recover the price paid is based upon a penal statute and hence is barred in two years under subdivision one of section 2529, Code of 1873.

Section 1550, of the Code, under which this action is brought, provides: "All payments or compensation for intoxicating liquor sold in violation of this chapter, whether such payments or compensation be in money, goods, land, labor, or anything else whatsoever, shall be held to have been received in violation of law and against equity and good conscience,

and to have been received upon a valid promise and agreement of the receiver, in consideration of the receipt thereof, to pay on demand to the person furnishing such consideration the amount of said money, or the just value of such goods, land, labor, or other thing."

If the money here sought to be recovered had in fact been received by the defendants upon a valid promise and agreement to pay the same back to plaintiffs upon demand, no one would claim that the action of the plaintiffs to recover the money would be barred by the lapse of two years from the time defendants received it. But the statute declares that the effect of receiving money for intoxicating liquors, sold in violation of law, shall be the same as though it had been received under a valid promise and agreement to repay it upon demand.

All payments for intoxicating liquor sold in violation of this chapter shall be held to have been received upon a valid promise and agreement of the receiver, in consideration of the receipt thereof, to pay on demand to the person furnishing such consideration the amount of said money.

If the money is to be held to have been received under a valid promise and agreement to repay, then of necessity all the incidents of such a promise and agreement must attach to the act of receiving. We are not authorized to say to the party furnishing the money, "you may maintain your action to recover it, but your right to recover will be barred in a much shorter period than it would have been if the money had been paid in fact under a promise and agreement to repay it." His answer, and a very pertinent one to such suggestion would be, " the statute says my money shall be held to have been received under just such circumstances."

By prescribing the legal effect and consequences of receiving money in payment for intoxicating liquors sold in violation of law, the legislature has as certainly and unmistakably fixed the period within which the action may be brought as though it had prescribed the period in the section under consideration. The statute of limitation, it seems to us, must be that which would have applied if the money had in fact been

paid under a promise to repay, and not under a promise implied in the law. The statute applicable is sub-division four, section 2529, of the Code.

The court erred in sustaining the demurrer.

REVERSED.