## KENNEDY v. GAULI ET AL.

1. **Mechanic's Lien**: PRACTICE IN THE SUPREME COURT: TRIAL. While an action to enforce a mechanic's lien is to be prosecuted by equitable proceedings, yet if no motion nor order is made that the testimony be reduced to writing, the case is not triable *de novo* in the Supreme Court.

*Appeal from Clayton Circuit Court.*

MONDAY, OCTOBER 23.

This suit was brought to recover for mason-work in building a stone church. The petition asks for the establishment of a mechanic's lien. It was claimed by the defendants that the work was unskillfully done. There was judgment for the plaintiff; defendants appeal.

*Samuel Murdock*, for appellants.

*J. O. Crosby* and *S. K. Adams*, for appellee.

ADAMS, J.—I. A question is raised in this case as to whether it is triable *de novo*. An action to enforce a mechanic's lien is to be prosecuted by equitable proceedings. Code, section 2510. Either party had a right to move for a trial on written evidence. *Sherwood v. Sherwood*, *ante*, p. 192. Neither party, however, did so move, nor was any order made that the testimony be reduced to writing. We think that the case is not triable *de novo*. *Walker v. Plummer*, 41 Iowa, 677; *Hammersham v. Fairall*, *ante*, p. 462.

II. The structure is evidently defective. Whether the defects are attributable to the unskillfulness of the plaintiff, or to circumstances which he could not control, the evidence does not clearly show. On this point there is conflict. We are of the opinion, therefore, that the decree of the Circuit Court must be

AFFIRMED.