DELAHAYE AND PURDY, PLAINTIFFS IN ERROR, V. HENRY HEITKEMPER, DEFENDANT IN ERROR.

1. **Action Accruing in Foreign State.** A cause of action which accrued in the state of Iowa under a statute of that state, which is not in contravention of the public policy of the laws of this state, may be enforced in the courts of this state.

2. ——: MONEY PAID FOR INTOXICATING LIQUORS. Section 1550 of the Iowa Code of 1873, which provides that "all payments or compensation for intoxicating liquor sold in violation of that chapter, etc. * * shall be held to have been received in violation of law and against equity and good conscience, and to have been received upon a valid promise and agreement of the receiver * * * to pay on demand * * the amount of such money," etc., is a civil liability, and entitles the party paying such money to maintain an action to recover the same, or to plead it as a set-off.

3. ——: ——: RECOVERY. Money paid to one who has thus sold intoxicating liquors in violation of law is held wrongfully by him, and the bringing of an action to recover the same, or pleading the same as a set-off is a sufficient demand of repayment.

4. ——: ——: SET-OFF. On the facts stated, *Held*, That the answer did not constitute a counter-claim, but a set-off.

ERROR to the district court for Platte county. Tried below before NORVAL, J., sitting for POST, J.

*S. L. Glasgow, Macfarland & Cowdery* and *M. Whitmoyer*, for plaintiffs in error, cited: *Carlin v. Heller*, 34 Iowa, 256. Story Conf. Laws, §§ 575, 621. *State v. Helmer*, 21 Iowa, 370. *Davis v. Slater*, 17 Iowa, 252. *Barnes v. Whitaker*, 22 Ill., 606. *McCarthy v. R. R.*, 18 Kas., 46, and cases cited.

*Cornelius & Sullivan* (*Byron Millet* with them), for defendant in error, cited: 4 Wait's Actions and Defenses, 469. *Herrick v. Minn. & St. L. Ry.*, 16 N. W. R., 413. *Denick v. R. R.*, 103 U. S., 11. *Great Western R. R. v. Miller*, 19 Mich., 305. *Woodward v. Squires*, 39 Iowa, 435. 41 Iowa, 677.

MAXWELL, J.

This action is based upon certain promissory notes given by the defendant to the plaintiffs, the amount of said notes being about the sum of $472. The notes were made

and delivered in the state of Iowa. The defendant in his answer admits the execution and delivery of the notes, but pleads by way of defense that the sole consideration for said notes was intoxicating liquor sold by the plaintiffs to the defendant in the state of Iowa, in violation of the laws of that state, and therefore said notes are void. The defendant also asks judgment against the plaintiffs for the sum of $500 for money paid by him to them between the 1st day of May, 1877, and December 1st, 1881, for intoxicating liquor sold by them to him between said dates in the state of Iowa, in violation of the laws of that state. On the trial of the cause the court found "that the defendant is not indebted to the plaintiffs on the cause of action alleged in their petition; that they expressly waived the right to recover thereon; that the plaintiffs are justly indebted to the defendant on the cause of action alleged in his counter-claim in the sum of $500," etc., and rendered judgment in favor of the defendant and against the plaintiffs for that sum.

The plaintiffs bring the cause into this court by petition in error.

The record shows that the plaintiffs waived the right to recover on the notes in question so that it is unnecessary to consider that question. The questions presented by the record, therefore, are:

1. Can a cause of action which accrued in the state of Iowa, under a statute of that state, be maintained and enforced in this state, the law of the forum not giving a right of action?

2. If so, do the facts stated in the answer constitute a counter-claim or set-off?

As to the first proposition, we find a very elaborate discussion of the question by the supreme court of Minnesota in *Herrick v. Minneapolis & C. Ry. Co.*, 16 N. W. R., 413, to which we give our full assent. While it is true that the statute of another state has no extra territorial

effect, yet rights acquired under it will always be enforced, if not against the public policy of the state where the action is brought—in other words, courts enforce *rights* no matter where they were acquired, if not in contravention of the laws of the forum. In all such cases the law of the place where the right was acquired controls as to the right of action—*Denick v. R. R. Co.*, 103 U. S., 11. *Leonard v. Steam Navigation Co.*, 84 N. Y., 48. *S. R. and D. R. R. Co. v. Lacy*, 43 Ga., 461. *C., St. L. and N. O. R. Co. v. Doyle*, 8 Am. and E. Ry. Cas., 171. *N. and C. R. Co. v. Sprayberry*, 8 Baxt., 341—while the remedy is governed by the law of the forum.

As the defendant's cause of action does not contravene the public policy of the laws of this state, any rights that he may have acquired under a statute of Iowa may be enforced in our courts.

2. In the defendant's answer we find the following among other matters, copied from the statute of Iowa in force when the money in question was paid, and still in force: "Sec. 1550. All payments or compensation for intoxicating liquor sold in violation of this chapter, whether such payments or compensation be in money, goods, land, labor, or anything else of value whatsoever, shall be held to have been received in violation of law and against equity and good conscience, and to have been received upon a valid promise and agreement of the receiver, in consideration of the receipt thereof, to pay on demand to the person furnishing such consideration the amount of said money, or the just value of such goods, land, labor, or other thing," etc. The attorneys for the plaintiffs contend that the section above quoted is in the nature of a penalty, and therefore is not available to the defendant—first, because penal laws cannot be enforced beyond the boundaries of the state enacting them; and second, because under the laws of Iowa all fines and penalties are to be paid to the state. This precise question was before the supreme court of Iowa.

in *Woodward v. Squires,* 41 Iowa, 677. Day, J., who de-livered the opinion of the court, after copying sec. 1550 as above, says: "If the money here sought to be recovered had in fact been received by the defendants upon a valid promise and agreement to pay the same back to plaintiffs upon demand, no one would claim that the action of the plaintiffs to recover the money would be barred by the lapse of two years from the time defendants received it. But the statute declares that the effect of receiving money for intoxicating liquors, sold in violation of law, shall be the same as though it had been received under a valid promise and agreement to repay it on demand. All pay-ments for intoxicating liquor sold in violation of this chap-ter shall be held to have been received upon a valid prom-ise and agreement of the receiver, in consideration of the receipt thereof, to pay on demand to the person furnishing such consideration the amount of said money. If the money is to be held to have been received under a valid promise and agreement to repay, then of necessity all the incidents of such promise and agreement must attach to the act of receiving. We are not authorized to say to the party furnishing the money, 'You may maintain your ac-tion to recover it, but your right to recover will be barred in a much shorter period than it would have been if the money had been paid in fact under a promise and agree-ment to repay it.' His answer, and a very pertinent one to such a suggestion, would be, 'the statute says my money shall be held to have been received under just such cir-cumstances.' By prescribing the legal effect and conse-quences of receiving money in payment for intoxicating liquors sold in violation of law, the legislature has as cer-tainly and unmistakably fixed the period within which the action may be brought as though it had prescribed the period in the section under consideration. The statute of limitation, it seems to us, must be that which would have applied if the money had in fact been paid under a prom-

ise to repay, and not under a promise implied in the law. The statute applicable is subdivision four, section 2529, of the code." And it was held that the action was not to recover a penalty, and therefore was not barred under subdivision one of section 2529 of the Iowa code of 1873. To the same effect are *Woodward v. Squiers*, 39 Id., 435, and *Church v. Simpson*, 25 Id., 408. Having thus a construction of the statute in question by the highest court of that state, it would seem to be conclusive upon that matter. That the legislature of a state possesses the power to declare that money or anything else of value paid for intoxicating liquors sold in violation of law shall be held to have been received in violation of law and against equity and good conscience, and may be recovered back, is now too well settled to require the citation of authorities. It is merely the regulation of a traffic that is productive of misery and crime, that fills poor-houses, asylums, and prisons, and is a burden upon the industry of the state. The property in intoxicating liquors is recognized, but if the owner sells the same *in violation of law*, he is precluded from recovering the price, and if it has been paid, the law in effect declares that the money does not belong to the seller, but to the person paying the same. It is but an exercise of the police power of the state. The facts stated in the answer, however, fail to show that the money paid by the defendant was for any of the liquors for which this action is brought, or connected therewith. It is not a counter-claim, therefore, within the provisions of section 101 of the code. We have no doubt, however, that it is a set-off, and the defendant is entitled to recover thereon. Some objection is made that no demand was made for the money paid before it was pleaded as a set-off. But this was not necessary. Ths case differs from that of a person lawfully in possession of goods belonging to another, where a demand and refusal are necessary to make the possession thereafter wrongful. In this case the retention by the

seller of the money paid for liquors sold in contravention of law is declared by statute to be wrongful, and the bringing of the action, or pleading the payment as a set-off is a sufficient demand. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.