HAMILTON v. JOS. SCHLITZ BREWING CO. et al.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. April 16, 1900.)

REMOVAL OF CAUSES—SUBJECT-MATTER OF CONTROVERSY—ACTION TO ENFORCE STATUTORY PENALTY.

An action based on Code Iowa, § 2423, which provides that all payments for intoxicating liquor sold in violation of that chapter shall be held to have been received in violation of law, and upon a valid promise to repay the same on demand, is one for the enforcement of a statutory penalty, which will not be entertained by a court of the United States, and is therefore not removable.

At Law. On motion to remand to state court.

Rickel & Crocker, for plaintiff.
Hubbard, Dawley & Wheeler, for defendants.

SHIRAS, District Judge. This action was brought in a court of the state of Iowa to recover money paid by the plaintiff to the defendants for intoxicating liquors sold in Iowa in violation of the law of the state; the right of recovery being based upon the provisions of section 2423 of the Code of Iowa, which declares that:

"All payments or compensation for intoxicating liquor sold in violation of this chapter, whether such payments or compensation be in money or anything else whatsoever, shall be held to have been received in violation of law,

and to have been received upon a valid promise and agreement of the receiver to pay on demand to the person furnishing such consideration the amount of said money or the just value of such other thing. * * *"

The plaintiff is a citizen of Iowa, and the defendants are citizens of Wisconsin, and upon the petition of defendants the case has been removed into this court, the amount involved exceeding $2,000; and now the plaintiff moves for an order remanding the suit on the ground that the subject-matter of the controversy is such that this court will refuse to take jurisdiction, following the doctrine announced by the supreme court in Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 Sup. Ct. 1370, 32 L. Ed. 239, in which the principle was recognized and enforced that the courts of one sovereignty will not undertake to enforce the penal laws of another sovereignty or state. The claim made on behalf of the defendants, that the cause of action asserted against them in this case is not a penalty, but arises out of a contract created by the terms of the section just quoted, cannot be sustained. The obligation to repay the consideration received for intoxicating liquors is created only in cases wherein liquors are sold in violation of the provisions of the chapter of the Code which includes section 2423, and is clearly intended to be part of the penalty imposed upon persons who violate the provisions of the chapter, and therefore the enforcement of this obligation rests wholly with the courts of the state. Motion to remand is therefore granted.