UNITED BREWERIES CO. v. COLBY et al.

(Circuit Court, N. D. Iowa, C. D.  June 15, 1909.)

No. 303.

1. PLEADING (§§ 192, 367*)—ANSWER—SUFFICIENCY OF ALLEGATIONS.

In an action to recover the purchase price of liquors, an allegation in the answer that such liquors were sold in violation of the laws of the state, and with intent on the part of plaintiff to enable defendants to violate such laws, is not demurrable as stating a legal conclusion; the remedy for any indefiniteness or uncertainty of statement being by motion and not by demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 409, 1173–1193; Dec. Dig. §§ 192, 367.*]

2. COURTS (§ 371*)—JURISDICTION OF FEDERAL COURTS—ACTION TO RECOVER PENALTIES UNDER STATE STATUTE.

Code Iowa 1897, § 2382 et seq., forbids the sale of liquors in that state in violation of its provisions under severe penalties, to be recovered by the state by criminal prosecution. Section 2423 provides that all pay-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ments made for liquors sold in violation of the statute shall be held to have been received under a valid promise to repay the same on demand. *Held*, that an action to recover money so paid is not penal, but civil and remedial, and may be maintained in a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 973; Dec. Dig. § 371.*]

On Demurrer to Answer and Counterclaim.

Henry & Henry and Mitchell & Hackler, for plaintiff.

Kelleher & O'Connor and Healy & Healy, for defendants.

REED, District Judge. The plaintiff, an Illinois corporation, sues the defendants in this court to recover a balance of some $3,000 upon an account for liquors, which it alleges it sold to the defendants in the state of Illinois. The defendants' answer is, first, a general denial; second and third, that the liquors were sold to the defendants in violation of the statutes of Iowa, and of the law of the place where they were sold, and with intent to enable the defendants to violate the statutes of Iowa. In the counterclaim the defendants allege that from 1902 to 1907 the plaintiff sold to the defendants large quantities of intoxicating liquors in violation of the statutes of Iowa, with intent to enable the defendants to violate the same, and for which they paid the plaintiff the sum of $56,466; that by virtue of such statutes the plaintiff is deemed to have received said sum from the defendants upon a valid promise to repay the same to them upon a demand therefor; that they have made such demand, with which the plaintiff refuses to comply; and they ask judgment against it for such amount. To the second and third divisions of the answer the plaintiff demurs, upon the ground that they state legal conclusions only, and to the counterclaim upon the ground that defendants seek to recover of the plaintiff a penalty imposed by the statutes of Iowa for the sale of intoxicating liquors in violation thereof, and that this court has no jurisdiction of an action to recover such penalty.

The second and third divisions of the answer distinctly aver that the liquors were sold by the plaintiff to the defendants in violation of the statute of Iowa, and with intent on the part of plaintiff to enable the defendants to violate such statute. It may be that these allegations of the answer as to the place and circumstances under which the sales were made should be more definite and certain; but a demurrer is not the proper remedy to reach such defect, if any there be. The demurrer to the answer is therefore overruled.

Section 2382 et seq. of the Code of Iowa of 1897, forbids under severe penalties the sale in that state of intoxicating liquors, including wine and beer, in violation of their provisions. These penalties are imposed as a punishment for the violation of the statute, and when incurred accrue to the state and are recoverable by it upon information or indictment against the wrongdoer. In addition section 2423 provides:

"All payments or compensation for intoxicating liquor sold in violation of this chapter, whether such payments or compensation be in money or anything else whatsoever, shall be held to have been received in violation of law, and

to have been received upon a valid promise and agreement of the receiver to pay on demand to the person furnishing such consideration the amount of said money, or the just value of such other thing. All sales, transfers, liens and securities of every kind which either in whole or in part shall have been made for or on account of intoxicating liquors sold in violation of this chapter shall be null and void against all persons, and no rights of any kind shall be acquired thereby. * * * "

Defendants' counterclaim rests upon this section of the Iowa statute, and the question presented is: Is the right of recovery there given an additional penalty imposed by way of punishment for the violation of the statute, or is it to relieve the purchaser from his participation in the illegal sale or purchase, so far as to enable him to recover from the seller the consideration paid for the liquors illegally sold? In Hamilton v. Schlitz Brewing Co. (C. C.) 100 Fed. 675, Judge Shiras held that such right is given as a part of the penalty imposed upon persons who violate the statute, and that the enforcement of such right rests wholly with the courts of the state, and that a suit by the individual to whom the right is given is not within the jurisdiction of a Circuit Court of the United States. The defendants urge that, inasmuch as the plaintiff has brought his action in this court, it is to be distinguished for that reason from the Hamilton Case, and that defendants may bring forward as a counterclaim against the plaintiff any cause of action that they might so present if the action had been brought in the state court. But, if the right of recovery given by this section is not within the jurisdiction of the national courts, the fact that the state statute authorizes such a claim to be presented as a counterclaim against a plaintiff in an action pending in the state court would not confer jurisdiction thereof upon the federal courts, for their jurisdiction depends upon the laws of Congress, and cannot be enlarged or restricted by any act of the state.

But for the ruling in Hamilton v. Schlitz Brewing Co., there would be no hesitancy in overruling the demurrer to this counterclaim. The decision in that case rests wholly upon the case of Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 Sup. Ct. 1370, 32 L. Ed. 239. That was a suit brought originally in the Supreme Court of the United States by the state of Wisconsin, under that clause of the federal Constitution which confers original jurisdiction upon that court in all cases in which a state shall be a party, to recover of the insurance company penalties incurred by it for conducting its business in the state of Wisconsin in violation of certain statutes of that state. The state had recovered in one of its courts a judgment against the insurance company for the amount of the penalties so imposed, and the company being a corporation of Louisiana, and having no property in the state of Wisconsin from which the judgment could be satisfied, the state brought suit in the Supreme Court and prayed that it might have judgment for the amount of the judgment against the insurance company which it had recovered in the state court. There seems to be a clear distinction between the subject-matter of that suit and the right of action given by section 2423 of the Iowa Code. The recovery sought in the Wisconsin case was by the state for penalties imposed by its authority as a punishment for the violation of its laws. In the course of the opinion the court recognizes the rule that one

sovereignty will not execute the penal laws of another, and held that the rule applies, not only to prosecutions and sentences for crimes and misdemeanors, but to all suits by the state for recovery of pecuniary penalties imposed as a punishment for the violation of its laws, and to all judgments for such penalties, in whatever form the action may be brought. The court says:

"The statute of Wisconsin, under which the state recovered in one of her own courts the judgment now and here sued on, was in the strictest sense a penal statute, imposing a penalty upon any insurance company of another state doing business in the state of Wisconsin without having deposited with the proper officer of the state a full statement of its property and business during the previous year. * * * The cause of action was not any private injury, but solely the offense committed against the state by violating her law. The prosecution was in the name of the state, and the whole penalty, when recovered, would accrue to the state. * * * The real nature of the case is not affected by the forms provided by the laws of the state for the punishment of the offense. It is immaterial whether, by the law of Wisconsin, the prosecution must be by indictment or by action, or whether, under that law, a judgment there obtained for the penalty might be enforced by execution, by scire facias, or by a new suit. In whatever form the state pursues her right to punish the offense against her sovereignty, every step of the proceeding tends to one end, the compelling the offender to pay a pecuniary fine by way of punishment for the offense."

It was therefore held that the suit, though in form a civil action, was in effect a penal one for the recovery by the state of a penalty imposed by it as a punishment for the violation of its laws by the insurance company, and was not one within the jurisdiction of the Supreme Court, which has jurisdiction only of suits of a civil nature. State of Iowa v. C., B. & Q. Railway Co. (C. C.) 37 Fed. 497, 3 L. R. A. 554, and Dey v. Railway Cos. (C. C.) 45 Fed. 82, are to the same effect. That penalties imposed by a state as punishment for the violation of its laws, and which inure wholly to the benefit of the state when recovered, will not be enforced by the courts of another state or sovereignty, is settled by these and other authorities.

But a right of action given by statute to an individual for the recovery of damages sustained, or the redress of wrongs suffered, by him because of a violation of the statute by another, in which recovery the state has no pecuniary interest, is not of this class. Such statutes are purely remedial as to the individual, and the right of recovery under them may be enforced in the courts of another sovereignty. Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439; Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123, and the cases there cited. Wisconsin v. Pelican Ins. Co. is reviewed at some length in the Huntington Case, and at page 667 of 146 U. S. and page 227 of 13 Sup. Ct. (36 L. Ed. 1123), it is said:

"Penal laws, strictly and properly, are those imposing punishment for an offense committed against the state, and which, by the English and American Constitutions, the executive of the state has the power to pardon. Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature; but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal. The action of an owner of property against the hundred to recover damages caused by a mob was said by Justices Willes and Buller to be 'penal against the hundred, but certainly remedial as to the sufferer.' * * * A statute giving the right to recover back money lost at gaming, and, if the loser does not sue within a

certain time, authorizing a qui tam action to be brought by any other person for threefold the amount, has been held to be remedial as to the loser, though penal as regards the suit by a common informer. * * * As said by Mr. Justice Ashhurst in the King's Bench, and repeated by Mr. Justice Wilde in the Supreme Judicial Court of Massachusetts: 'It has been held in many instances that, where a statute gives accumulative damages to the party, aggrieved, it is not a penal action.' * * * Thus a statute giving to a tenant, ousted without notice, double the yearly value of the premises against the landlord, has been held to be 'not like a penal law where a punishment is imposed for a crime,' but 'rather as a remedial than a penal law,' because 'the act indeed does give a penalty, but it is to the party aggrieved.'"

The ultimate holding is that whether a statute of one state, which in some respect may be penal, is so in the sense that it will not be enforced in the courts of another, depends upon its purpose. If that is only to punish an offense against the public justice of the state, it will not be enforced beyond the jurisdiction of its enactment; but, if its purpose is also to afford a private remedy to a person injured by the wrongful acts, the private remedy afforded may be so enforced.

In Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439, an action was brought in a state court of New York to recover of the railroad company damages for injuries to a person in New Jersey, which resulted in his death in that state, where a right of action therefor was given by a statute of that state. The case was removed by the railroad company to the Circuit Court of the United States where judgment went for the defendant. In reversing that judgment Mr. Justice Miller, speaking for the Supreme Court, said:

"It can scarcely be contended that the act belongs to the class of criminal laws which can only be enforced by the courts of the state where the offense was committed; for it is, though a statutory remedy, a civil action to recover damages for a civil injury. It is, indeed, a right dependent solely on the statute of the state; but when the act is done for which the law says the person shall be liable, and the action by which the remedy is to be enforced is a personal and not a real action, and is of that character which the law recognizes as transitory and not local, we cannot see why the defendant may not be held liable in any court to whose jurisdiction he can be subjected by personal process or by voluntary appearance, as was the case here. It is difficult to understand how the nature of the remedy or the jurisdiction of the courts to enforce it is in any manner dependent on the question whether it is a statutory right or a common-law right. Wherever, by either the common law or the statute law of a state, a right of action has become fixed and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties."

Texas & Pacific Railway Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829, and Stewart v. Railroad Co., 168 U. S. 445–448, 18 Sup. Ct. 105, 42 L. Ed. 537, are to the same effect.

The Iowa statute, by sections other than section 2423, imposes severe penalties by way of punishment on those who sell intoxicating liquors in that state in violation thereof, and these penalties, when recovered, inure to the exclusive benefit of the state. Such penalties can only be enforced in the courts of that state. But section 2423 declares that "all * * * transfers" made for or on account of intoxicating liquors sold in violation of law shall be void as against all persons, and that no rights of any kind shall be acquired thereby, and gives to the purchaser who has paid for any such liquors so sold a

right of recovery from the seller of the amount so paid to him. This section is purely remedial as to the purchaser, in that it removes what otherwise might be a bar to an action by him for such recovery because of his participation in the illegal sale, and is not by way of additional punishment of the seller, but only requires that he shall restore to the purchaser that which he has taken from him without rendering any valid consideration therefor.

A right of recovery is not infrequently given to one for injuries sustained because of a violation of a statute, even when a penalty is also imposed as a punishment for such violation. This same statute of Iowa gives a right of action, against persons selling intoxicating liquors, to the wife, child, or parent of any intoxicated person, for the recovery of all damages sustained by either, as well as exemplary damages, in consequence of the sale of such liquors to such person contrary to the provisions of the statute. The safety appliance law of Congress, also that of the state of Iowa, impose severe penalties as a punishment upon railway corporations, engaged respectively in interstate and state commerce, for a failure to equip their engines and cars used in such commerce with safety appliances as required by such statutes, and also gives a right of action to injured employés, against the railway company so failing, for the recovery of all damages sustained by them because of such failure. Other instances might be cited, but these are sufficient to show that the right of action so given to the individual in all such cases is remedial as to him; and while it arises from a violation of the statute, the recovery is for the exclusive benefit of the individual, and not by way of punishment of the wrongdoer, except where exemplary damages may be recovered, and the action for such recovery, even of the exemplary damages, is purely civil in its nature, and far within the meaning of the act of Congress conferring jurisdiction upon the federal courts. That act provides:

"That the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds exclusive of interest and costs the sum or value of $2,000, * * * in which there shall be a controversy between citizens of different states. * * *" Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508).

This includes all controversies of a civil nature, if they be of judicial cognizance, and is sufficiently comprehensive to include a right of action such as that given by section 2423 of the Iowa statute. There may be conflict in the authorities as to when a statute will be held remedial, or purely penal, in such sense that it will be enforced only in the courts of the state of its enactment; but the rule for this court is settled by the decisions of the Supreme Court of the United States above cited. Besides, the Supreme Court of Iowa has held that the recovery authorized by section 2423 is not for a statutory penalty, and that the action therefor is civil, and not criminal, or quasi criminal. Woodward v. Squires & Co., 39 Iowa, 435, s. c. 41 Iowa, 677. This is a definite interpretation of this statute, which is controlling as to its meaning.

The conclusion, therefore, is that the demurrer to the counterclaim should be overruled; and it is so ordered.