## DENNICK v. RAILROAD COMPANY.

1. A right arising under or a liability imposed by either the common law or the statute of a State may, where the action is transitory, be asserted and enforced in any circuit court of the United States having jurisdiction of the subject-matter and the parties.
2. A. died in New Jersey from injuries there received, for which, if death had not ensued, B., the party inflicting them, would have been liable to an action for damages. The statute of that State (*infra*, p. 12) provides that such an action may be brought against the party by the personal representative of the deceased. C., appointed, under the laws of New York, administratrix of A., brought, in a court of the latter State, a suit against B., which, by reason of the citizenship of the parties, was removed to the Circuit Court of the United States. *Held*, 1. That the suit can be maintained, the right of action not being limited by the statute to a personal representative of the deceased appointed in New Jersey and amenable to her jurisdiction. 2. That distribution of moneys recovered by C. from B. may be enforced by the courts of New York in the manner prescribed by that statute.

ERROR to the Circuit Court of the United States for the Northern District of New York.

An act of the General Assembly of the State of New Jersey, approved March 3, 1848, provides as follows:—

"SECT. 1. That whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect there of, then, and in every such case, the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felony.

"SECT. 2. That every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death, to the wife and next of kin of such deceased person."

The plaintiff brought suit in a State court of New York against The Central Railroad Company of New Jersey, to recover damages for the death of her husband by an accident on the defendant's road. The company entered an appearance and removed the case into the Circuit Court of the United States, on the ground that the plaintiff was a citizen of New York and the defendant a corporation of New Jersey. The complaint filed in the Circuit Court alleges that the plaintiff was his widow, and her children were his next of kin; that she was administratrix of his estate, appointed by the proper court in New York; and that his death was caused by the negligence of the defendant. Damages in the sum of $15,000 were claimed.

The answer denied the negligence, but admitted that the death was caused by the train running off the track in New Jersey, that there were a widow and next of kin, and that the

plaintiff had been appointed administratrix by the surrogate of Albany County, New York.

The parties waived a jury. The plaintiff introduced evidence tending to prove the negligence charged, whereupon the court ruled that for the death of her husband, which occurred in the State of New Jersey, she could not, under the special statute of that State, recover in the action. Judgment was rendered for the defendant. The plaintiff then sued out this writ of error.

*Mr. Amasa J. Parker* for the plaintiff in error.

The court below having acquired jurisdiction of the parties had full power to pass upon their relative rights and liabilities. The judicial power of every government looks beyond its municipal laws, and, in civil cases, between parties within its jurisdiction, lays hold of all subjects of litigation, though they are relative to the laws of the most distant part of the globe. The Federalist, No. 82. Rights which have accrued by the law of a foreign State are treated as valid everywhere; cognizance is therefore taken of extra-territorial facts, and of persons not generally subject to the jurisdiction. Westlake, Private Int. Law, p. 54, sect. 58.

In the jurisprudence of England, transitory actions at common law were entertained against, and at the suit of, any British subject or alien friend, wherever the cause of action really arose, if process might be served upon the defendant. Id. p. 105, sect. 120; 3 Stephen, Com. 451; 4 Phillimore, Int. Law, 648. Nor was there any distinction in this respect whether the cause of action was *ex contractu* or *ex delicto*. *Rafael* v. *Verelst*, 2 W. Bl. 983, 1055; *Scott* v. *Seymour*, 1 H. & C. 219; *Phillips* v. *Eyre*, Law Rep. 6 Q. B. 1; *Madrazo* v. *Willes*, 3 Barn. & Ald. 353; *Mostyn* v. *Fabrigas*, Cowp. 161; *De la Vega* v. *Viana*, 1 Barn. & Ad. 284; 1 Sm. L. C. 340.

The same principle has been recognized and applied without qualification in the courts of this country to cases arising on contracts: *Cox* v. *United States*, 6 Pet. 172; *Caldwell* v. *Carrington*, 9 id. 86; *Green* v. *Van Buskirk*, 7 Wall. 139; *King* v. *Sarria*, 69 N. Y. 24; *Barrell* v. *Benjamin*, 15 Mass. 354; *Roberts* v. *Knight*, 7 Allen (Mass.), 449; *Miller* v. *Black*, 2 Jones (N. C.) L. 341; *Ruse* v. *Mutual, &c. Insurance Co.*, 23 N. Y.

516; and to personal injuries or torts: *McKenna* v. *Fisk*, 1 How. 241; *McCormick* v. *Pennsylvania Railroad Co.*, 49 N. Y. 303; *Boynton* v. *Boynton*, 43 How. Ap. Cas. 383; *Johnson* v. *Dalton*, 1 Cow. (N. Y.) 543; *Smith* v. *Bull*, 17 Wend. (N. Y.) 323; *Stout* v. *Wood*, 1 Blackf. (Ind.) 71; *Lister* v. *Wright*, 2 Hill (N. Y.), 320; *Gardner* v. *Thomas*, 14 Johns. (N. Y.) 134; *Glen* v. *Hodges*, 9 id. 68; *Smith* v. *Butler*, 1 Daly (N. Y.), 508; *McIvor* v. *McCabe*, 26 How. Ap. Cas. 257; *Hull* v. *Vreeland*, 42 Barb. (N. Y.) 543; *Latourette* v. *Clark*, 45 id. 327; *De Witt* v. *Buchanan*, 54 id. 31; *Newman* v. *Goddard*, 3 Hun (N. Y.), 70; *Watts* v. *Thomas*, 2 Bibb (Ky.), 458; *Wall* v. *Hoskins*, 5 Ired. (N. C.) L. 177; *Shiff* v. *McCrow*, 3 Murphy (N. C.), 463; *Walters* v. *Breeder*, 3 Jones (N. C.) L. 64; *Northern Central Railroad Co.* v. *Scholl's Ex.*, 16 Md. 332; *Great Western Railway Co.* v. *Miller*, 19 Mich. 305; *Ackerson* v. *Erie Railroad Co.*, 31 N. J. L. 309.

As the rule is founded on the principle of comity, the foreign law, if not contrary to the public policy of the country where the suit is brought, nor to abstract justice or pure morals, will be recognized and enforced. *King* v. *Sarria*, 69 N. Y. 24; *Phillips* v. *Eyre*, Law Rep. 6 Q. B. 1; *Wall* v. *Hoskins*, *supra*.

It is no objection that all the parties to the suit are aliens or non-residents, and that the cause of action arose abroad. *Rafael* v. *Verelst*, *supra*; *Johnson* v. *Dalton*, 1 Cow. (N. Y.) 543; *Mason* v. *Ship Blaireau*, 2 Cranch, 240; *Barrell* v. *Benjamin*, 15 Mass. 354; *Roberts* v. *Knights*, 7 Allen (Mass.), 449; *Watts* v. *Thomas*, 2 Bibb (Ky.), 458; *De Witt* v. *Buchanan*, 54 Barb. (N. Y.) 31; *Newman* v. *Goodard*, 3 Hun (N. Y.), 70; *Latourette* v. *Clark*, 45 Barb. (N. Y.) 327; *Smith* v. *Spinola*, 2 Johns. (N. Y.) 198; *Gardner* v. *Thomas*, 14 id. 134; *Smith* v. *Butler*, 1 Daly (N. Y.), 508; *Melan* v. *Fitzjames*, 1 Bos. & Pul. 138; *Miller* v. *Black*, 2 Jones (N. C.) L. 341; *McCormick* v. *Pennsylvania Railroad Co.*, 49 N. Y. 303; *De la Vega* v. *Viana*, 1 Barn. & Ad. 284; *Walters* v. *Breeder*, 3 Jones (N. C.) L. 64; *Ruse* v. *Mutual, &c. Insurance Co.*, 23 N. Y. 516; *Ackerson* v. *Erie Railroad Co.*, 31 N. J. L. 309.

If, however, in this respect, the rule as between subjects or citizens of different nations were otherwise, it would not affect

the right of a citizen of one State to sue in the courts of another, as under the Federal Constitution he is entitled to all privileges and immunities of citizens in the several States, including the right of resorting to the same legal remedies. *Barrell* v. *Benjamin*, 15 Mass. 354; *McIvor* v. *McCabe, supra; Miller* v. *Black, supra; Bank of Augusta* v. *Earle,* 13 Pet. 520.

The rule has been specially applied to foreign corporations; and actions have been sustained in the courts of one State for injuries to persons and property, caused by negligence in operating railways in other States. *Bissell* v. *Michigan Railroad Co.,* 22 N. Y. 258; *McCormick* v. *Pennsylvania Railroad Co., supra; Howe Insurance Co.* v. *Pennsylvania Railroad Co.,* 11 Hun (N. Y.), 182.

There is no reason in morals, justice, or policy why the same rule should not be applied to all transitory actions for injuries to persons and property, whether recognized by the common law, or created by statute to meet new exigencies of modern life. The claim of comity, on which the rule is founded, is as urgent and unanswerable in the one case as in the other. *Stallknecht* v. *Pennsylvania Railroad Co.,* 13 Hun (N. Y.), 451; *Ex parte Van Riper,* 20 Wend. (N. Y.) 614; *Lowry* v. *Inman,* 46 N. Y. 119.

A personal liability created by the statute of another State will, as other personal obligations, be enforced according to the course of procedure in the place where the defendant is found. *Lowry* v. *Inman, supra; Pickering* v. *Fisk,* 6 Vt. 102; *Railroad* v. *Sprayberry,* 8 Bax. (Tenn.) 341; *McDonald* v. *Mallory,* 77 N. Y. 547; *Whitford* v. *Panama Railroad Co.,* 23 id. 465; *Vandeventer* v. *New York & New Haven Railroad Co.,* 27 Barb. (N. Y.) 244; *Great Western Railway Co.* v. *Miller,* 19 Mich. 305; *Selma, &c. Railroad Co.* v. *Lacy,* 43 Ga. 461.

*Mr. Henry G. De Forest* for the defendant in error.

The statute in question has no extra-territorial force, and it gives a cause of action only to a personal representative appointed in New Jersey when the death occurred in that State. *Mackay, Admx.,* v. *Central Railroad Co. of New Jersey,* 14 Blatchf. 65; *Whitford* v. *Panama Railroad Co.,* 23 N. Y. 465; *Beach* v. *Bay State Co.,* 30 Barb. (N. Y.) 433.

The alleged injury in this case was received in New Jersey,

and the intestate died there. The question therefore arises whether the damages which her statute authorizes his personal representative to sue for and obtain for the benefit of his widow and next of kin can be recovered by an administrator appointed under the laws of New York.

An administrator takes his title by force of the grant of administration. *Marcy* v. *Marcy*, 32 Conn. 308. The laws of the State in which he is appointed prescribe his rights, powers, and duties. Another State cannot impose upon him different liabilities or obligations. He is the creature of the local law, and, until additional authority is derived by virtue of an appointment in another jurisdiction, he has only the power which that law confers.

The plaintiff sets up, not a right to her property, or to that which belonged to the deceased, but a right to sue as the trustee of a fund which may be obtained for his widow and next of kin, a position which she, by the law under which she was appointed, does not sustain. In order to execute such a trust, the trusteeship must attach to her appointment as administratrix under the laws of New York, and they do not confer upon her the right to damages for injuries received by him in another State, and resulting in his death. *Richardson* v. *New York Central Railroad Co.*, 98 Mass. 85; *Woodward* v. *Michigan Southern, &c. Railroad Co.*, 10 Ohio St. 121; *Armstrong* v. *Bendle*, 5 Sawyer, 485; *McCarthy* v. *Chicago, Rock Island, & Pacific Railroad Co.*, 18 Kan. 46; *Maryland* v. *Pittsburg & Connellsville Railroad Co.*, 45 Md. 41; *Needham, Admx.*, v. *Grand Trunk Railroad*, 38 Vt. 294; *Illinois Central Railroad* v. *Cragin, Admr.*, 71 Ill. 177.

The reasoning in the cases cited may be briefly summarized as follows: —

*First*, The plaintiff's right as administratrix to recover for the "pecuniary injury resulting from death to the widow and next of kin" is unknown at common law, and can exist only by statute.

*Second*, The statute of New Jersey, under which she sues, has no extra-territorial force. It gives a cause of action for this "pecuniary injury" only when the death occurs within the State of New Jersey.

*Third,* In like manner, the statute of New Jersey has no extra-territorial force to confer upon a creature of the New York law powers and duties other than those bestowed by the laws of New York.

MR. JUSTICE MILLER, after stating the case, delivered the opinion of the court.

It is understood that the decision of the court below rested solely upon the proposition that the liability in a civil action for damages which, under the statute of New Jersey, is imposed upon a party, by whose wrongful act, neglect, or default death ensues, can be enforced by no one but an administrator, or other personal representative of the deceased, appointed by the authority of that State. And the soundness or unsoundness of this proposition is what we are called upon to decide.

It must be taken as established by the record that the accident by which the plaintiff's husband came to his death occurred in New Jersey, under circumstances which brought the defendant within the provisions of the first section of the act making the company liable for damages, notwithstanding the death.

It can scarcely be contended that the act belongs to the class of criminal laws which can only be enforced by the courts of the State where the offence was committed, for it is, though a statutory remedy, a civil action to recover damages for a civil injury.

It is indeed a right dependent solely on the statute of the State; but when the act is done for which the law says the person shall be liable, and the action by which the remedy is to be enforced is a personal and not a real action, and is of that character which the law recognizes as transitory and not local, we cannot see why the defendant may not be held liable in any court to whose jurisdiction he can be subjected by personal process or by voluntary appearance, as was the case here.

It is difficult to understand how the nature of the remedy or the jurisdiction of the courts to enforce it, is in any manner dependent on the question whether it is a statutory right or a common-law right.

Wherever, by either the common law or the statute law of a State, a right of action has become fixed and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties.

The action in the present case is in the nature of trespass to the person, always held to be transitory, and the venue immaterial. The local court in New York and the Circuit Court of the United States for the Northern District were competent to try such a case when the parties were properly before it. *Mostyn* v. *Fabrigas,* 1 Cowp. 161; *Rafael* v. *Verelst,* 2 W. Bl. 983, 1055; *McKenna* v. *Fisk,* 1 How. 241. We do not see how the fact that it was a statutory right can vary the principle. A party legally liable in New Jersey cannot escape that liability by going to New York. If the liability to pay money was fixed by the law of the State where the trans action occurred, is it to be said it can be enforced nowhere else because it depended upon statute law and not upon common law? It would be a very dangerous doctrine to establish, that in all cases where the several States have substituted the statute for the common law, the liability can be enforced in no other State but that where the statute was enacted and the transaction occurred. The common law never prevailed in Louisiana, and the rights and remedies of her citizens depend upon her civil code. Can these rights be enforced or the wrongs of her citizens be redressed in no other State of the Union? The contrary has been held in many cases. See *Ex parte Van Riper,* 20 Wend. (N. Y.) 614; *Lowry* v. *Inman,* 46 N. Y. 119; *Pickering* v. *Fisk,* 6 Vt. 102; *Railroad* v. *Sprayberry,* 8 Bax. (Tenn.) 341; *Great Western Railway Co.* v. *Miller,* 19 Mich. 305.

But it is said that, conceding that the statute of the State of New Jersey established the liability of the defendant and gave a remedy, the right of action is limited to a personal repre sentative appointed in that State and amenable to its jurisdic tion.

The statute does not say this in terms. "Every such action shall be brought by and in the names of the personal representatives of such deceased person." It may be admitted that

for the purpose of this case the words "personal representatives" mean the administrator.

The plaintiff is, then, the only personal representative of the deceased in existence, and the construction thus given the statute is, that such a suit shall *not* be brought by her. This is in direct contradiction of the words of the statute. The advocates of this view interpolate into the statute what is not there, by holding that the personal representative must be one residing in the State or appointed by its authority. The statute says the amount recovered shall be for the exclusive benefit of the widow and next of kin. Why not add here, also, by construction, "if they reside in the State of New Jersey"?

It is obvious that nothing in the language of the statute requires such a construction. Indeed, by inference, it is opposed to it. The first section makes the liability of the corporation or person absolute where the death arises from their negligence. Who shall say that it depends on the appointment of an administrator within the State?

The second section relates to the remedy, and declares who shall receive the damages when recovered. These are the widow and next of kin. Thus far the statute declares under what circumstances a defendant shall be liable for damages, and to whom they shall be paid. In this there is no ambiguity. But fearing that there might be a question as to the proper person to sue, the act removes any doubt by designating the personal representative. The plaintiff here is that representative. Why can she not sustain the action? Let it be remembered that this is not a case of an administrator, appointed in one State, suing in that character in the courts of another State, without any authority from the latter. It is the general rule that this cannot be done.

The suit here was brought by the administratrix in a court of the State which had appointed her, and of course no such objection could be made.

If, then, the defendant was liable to be sued in the courts of the State of New York on this cause of action, and the suit could only be brought by such personal representative of the deceased, and if the plaintiff is the personal representative,

whom the courts of that State are bound to recognize, on what principle can her right to maintain the action be denied?

So far as any reason has been given for such a proposition, it seems to be this: that the foreign administrator is not responsible to the courts of New Jersey, and cannot be compelled to distribute the amount received in accordance with the New Jersey statute.

But the courts of New York are as capable of enforcing the rights of the widow and next of kin as the courts of New Jersey. And as the court which renders the judgment for damages in favor of the administratrix can only do so by virtue of the New Jersey statute, so any court having control of her can compel distribution of the amount received in the manner prescribed by that statute.

Again: it is said that, by virtue of her appointment in New York, the administratrix can only act upon or administer that which was of the estate of the deceased in his lifetime. There can be no doubt that much that comes to the hands of administrators or executors must go directly to heirs or devisees, and is not subject to sale or distribution in any other mode, such as specific property devised to individuals, or the amount which by the legislation of most of the States is set apart to the family of the deceased, all of which can be enforced in the courts; and no reason is perceived why the specific direction of the law on this subject may not invest the administrator with the right to receive or recover by suit, and impose on him the duty of distributing under that law. There can be no doubt that an administrator, clothed with the apparent right to receive or recover by suit property or money, may be compelled to deliver or pay it over to some one who establishes a better right thereto, or that what he so recovers is held in trust for some one not claiming under him or under the will. And so here. The statute of New Jersey says the personal representative shall recover, and the recovery shall be for the benefit of the widow and next of kin. It would be a reproach to the laws of New York to say that when the money recovered in such an action as this came to the hands of the administratrix, her courts could not compel distribution as the law directs.

It is to be said, however, that a statute of New York, just

like the New Jersey law, provides for bringing the action by the personal representative, and for distribution to the same parties, and that an administrator appointed under the law of that State would be held to have recovered to the same uses, and subject to the remedies in his fiduciary character which both statutes prescribe.

We are aware that *Woodward* v. *Michigan Southern & Northern Indiana Railroad Co.* (10 Ohio St. 121) asserts a different doctrine, and that it has been followed by *Richardson* v. *New York Central Railroad Co.*, 98 Mass. 85, and *McCarthy* v. *Chicago, Rock Island, & Pacific Railroad Co.*, 18 Kan. 46. The reasons which support that view we have endeavored to show are not sound. These cases are opposed by the latest decision on the subject in the Court of Appeals of New York, in the case of *Leonard, Administrator*, v. *The Columbia Steam Navigation Co.*, not yet reported, but of which we have been furnished with a certified copy.

The right to recover for an injury to the person, resulting in death, is of very recent origin, and depends wholly upon statutes of the different States. The questions growing out of these statutes are new, and many of them unsettled. Each State court will construe its own statute on the subject, and differences are to be expected. In the absence of any controlling authority or general concurrence of decision, this court must decide for itself the question now for the first time presented to it, and with every respect for the courts which have held otherwise, we think that sound principle clearly authorizes the administrator in cases like this to maintain the action.

*Judgment reversed, with directions to award a new trial.*