CASE 33—PETITION EQUITY—DECEMBER 1.

# McDonald, &c., v. McDonald's Adm'r.

### APPEAL FROM BALLARD CIRCUIT COURT.

RECOVERY UNDER STATUTE OF ANOTHER STATE—DISTRIBUTION OF SUM RECOVERED.—Where there is a recovery in this State for the negligent destruction of life in another State pursuant to a statute of the latter, the sum recovered will be distributed according to the law of the State where the cause of action accrued.

Suit having been instituted and recovery had in this State under an Illinois statute, authorizing the personal representative of a person whose death has been caused by the willful negligence of another to recover damages therefor, the widow has the exclusive right to the sum recovered, it being so provided by the Illinois statute. But if distribution of the fund were made under the laws of this State in force at the time of the recovery, the widow would still be entitled, there being no children, and the decedent being an employe of the railroad company against which the recovery was had.

JOHN D. WHITE & SON, I. E. CONLEY AND W. G. BULLITT FOR APPELLANTS.

1. A recovery of damages in the State where decedent was domiciled for death by willful neglect in another State should be distributed according to the law of decedent's domicile. (Sneed v. Ewing, 5 J. J. M., 477; Taylor's Adm'r v. Pennsylvania R. Co., 78 Ky., 348; Am. and Eng. Enc. of Law, vol. 3, p. 639; 77 Ill., 68.)

2. The law of Illinois authorizing a recovery for death by willful negligence has nothing to do with the distribution of the recovery. The recovery is personal property, and should be distributed according to the law of this State. (78 Ill., 68; Rev. Stat. Ill., chap. 39, secs. 5 and 4, p. 526; Idem. chap. 70, p. 781.)

3. Under the laws of this State appellants are entitled to one-half of the recovery. (Gen. Statutes, chap. 31, sec. 11, subsec. 4.)

Additional authorities cited in petition for rehearing: (Northern Pac. R. Co. v. Babcock, 154 U. S., 190; Railroad Co. v. Pennsylvania, 15 Wallace, 300; State of Nevada v. Earl, 1 Nev., 394; In re Antelope, 10 Wheaton, 123; Tex. Pac. R. Co. v. Cox, 145 U. S., 604; City of Chicago v. Majors, 18 Ill., 356; C. & A. R. Co. v. Shannon, 43 Ill., 345; Quincy Coal Co. v. Hood, 77 Ill., 68.)

J. M. NICHOLS FOR APPELLEE.

1. A recovery for death by the willful negligence of another should be
Vol. 96—14.

distributed according to the law of the State where the cause of action accrued. (Taylor v. Pennsylvania Co., 78 Ky., 324; Bruce's Adm'r v. Cincinnati Co., 83 Ky., 174; Dennick v. Railroad Co , 103 U. S., 17.)

2. The recovery in this case should go to the widow according to the law of Illinois where the cause of action accrued; but under the law of Kentucky she would be entitled to the whole of the sum recovered. (Jordan v. Cinn. R. Co., 11 S. W. Rep., 1013.)

3. The damages recovered are not a part of the assets of decedent's estate.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Oscar McDonald, a resident of Ballard county, Kentucky, was killed in Illinois while in the service of the Illinois Central Railroad Company. The appellee Shelton qualified as his administrator in the county named, and basing his suit upon an Illinois statute authorizing the personal representative of a person whose death has been caused by the willful negligence of another to recover damages therefor, he sued and recovered of the company in the Ballard Circuit Court (the road running into that county) the sum of two thousand five hundred dollars.

The sole question now before us is, to whom does this money belong?

The deceased left a widow, but no issue, and the appellants, his mother, brother and sisters, claim that the fund is to be disposed of under the Kentucky statute of distribution, and, therefore, that they are entitled to one-half of it and the widow the other. The appellees—the administrator and widow—say it is to go exclusively to the widow, as the Illinois statute directs.

The Superior Court affirmed the judgment below dismissing the appellants' petition. Under the Illi-

nois statute the amount recovered "shall be for the exclusive benefit of the widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate ;" and looking to the law fixing this proportion, we find that where there is a widow and no issue, the whole of the personal estate goes to the widow.

The appellants contend that we can not inquire as to how the fund came to the hands of the Kentucky administrator, but, finding it there, we must distribute it as our statute distributes other personal estate of persons dying intestate. We think differently. While the naked right of action under the Illinois statute is in the personal representative, the property right in the thing recovered is in the widow. The fund is not an asset of the decedent's estate. It never belonged to him. The company did not owe it to him, but to the widow.

The doctrine that the succession to personal property is governed by the law of the intestate's domicile, has no application in this case. The personal representative succeeds to no property because the intestate died leaving none.

In the case of Dennick v. Railroad Co., 103 U. S., 17, the Supreme Court, after announcing what is now the well settled doctrine that an action may be maintained in one State for the negligent destruction of life in another State, pursuant to a statute of the latter, held that in such event the sum recovered should be distributed, and the courts had full power so to do, according to the law of the State where the cause of

action accrued. These views accord with the principles we have stated, and settle conclusively that the appellants are entitled to no part of the fund in controversy. But if distribution of the fund were made under the laws of this State the widow would get it. It has been determined, time and again, that when there is no widow or child, no suit can be maintained in cases like the one under consideration. There would be no beneficiary under the statute. The acts providing for a recovery in such cases are for the exclusive benefit of the widow and children of the deceased. As said in Henderson's Adm'r v. Ky. C. R. Co., 86 Ky., 389, and in Jordan's Adm'r v. C., N. O. & Texas Pacific R. Co., 89 Ky., 42, and in a number of later cases, the widow and children of a person whose life is destroyed by willful neglect have the prior right to sue, and the exclusive right to receive, what may be recovered in such actions. Collaterals take nothing.

Wherefore, the judgment is affirmed.