LENA MAY HARTLEY, *as Administratrix,* V. BENJAMIN F. HARTLEY *et al.*

No. 14,132.   (81 Pac. 505.)

SYLLABUS BY THE COURT.

1. DEATH BY WRONGFUL ACT—*Damages—Distribution.*   Damages recovered on account of a wrongful act committed in the state of Iowa, resulting in the death of a resident of Kansas, are to be disposed of according to the statute of the state of Iowa relating to that subject.

2. ——— *Law of the Domicil.*   The statute of the state of Iowa which provides that when a wrongful act produces death damages recovered therefor shall be disposed of as personal property belonging to the estate of the deceased leaves dam-

ages of the character referred to in paragraph 1 of this syllabus to be disposed of according to the law of the domicil of the deceased.

Error from Wyandotte district court; J. McCABE MOORE, judge. Opinion filed July 7, 1905. Reversed.

*H. L. Alden,* for plaintiff in error.

*Hale & Maher,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.: Walter E. Hartley, a citizen and resident of Wyandotte county, Kansas, sustained fatal injuries in the state of Iowa under circumstances warranting an action under the laws of Iowa for damages resulting from his death. A representative of his estate was appointed by the probate court of his domicil, who collected damages for his death from the party committing the wrongful act, and the question to be decided is, How shall the fund be distributed? Of course, the statutes of Iowa must be examined in order to arrive at an answer. (2 Whar. Con. of L., 3d [Parm.] ed., § 480d, p. 1129; 13 Cyc. 382; 22 A. & E. Encycl. of L. 1356.)

The agreed facts show that in Iowa an action for damages resulting from death by wrongful act may be brought by the legal representative of the deceased, but, unlike the statutes of Kansas and of many other states, the Iowa law does not in terms designate the persons for whose benefit the action may be brought and prescribe the manner in which the amount recovered shall be divided among them. It merely provides that—

"when a wrongful act produces death, damages recovered therefor shall be disposed of as personal property belonging to the estate of the deceased, but if the deceased leaves a husband, wife, child or parent, it shall not be liable for the payment of debts."

When, therefore, the damages in controversy came

Hartley v. Hartley.

into the hands of the administratrix of the deceased they bore the same relation to his estate as money belonging to him at the time of his death kept in a safe or safety-deposit vault in the state of Iowa (leaving out of account the exemption from liability for the payment of debts). Such money, being personal property, and belonging to the estate of the deceased, would be disposed of according to the law of his domicil. (*Moore, Adm'x, v. Jordan,* 36 Kan. 271, 13 Pac. 337, 59 Am. Rep. 550; *Wilkins v. Ellett,* 76 U. S. 740, 19 L. Ed. 586; 2 Whar. Con. of L., 3d [Parm.] ed., § 576*a;* 14 Cyc. 21.) So these damages, being treated for purposes of disposition as personal property belonging to the estate of the deceased, should be distributed according to the law of his domicil.

It is contended, however, that the statute of Iowa already quoted must be interpreted as if it read "personal property belonging to the estate of a deceased resident of the state of Iowa." This interpretation would make the statute of descents and distributions of the state of Iowa applicable, but it would affix a limitation upon the law which its language does not warrant.

Quite analogous suggestions relating to other provisions of this class of statutes have been rejected by high authority. Thus it has been claimed that when such statutes provide for a recovery by the personal representative of the deceased they refer only to a personal representative appointed in the state giving the right of action. Upon this subject Justice Miller, speaking for the supreme court of the United States, said:

"But it is said that, conceding that the statute of the state of New Jersey established the liability of the defendant and gave a remedy, the right of action is limited to a personal representative appointed in that state and amenable to its jurisdiction.

"The statute does not say this in terms. 'Every

such action shall be brought by and in the names of the personal representatives of such deceased person.' It may be admitted that for the purpose of this case the words 'personal representatives' mean the administrator.

"The plaintiff is, then, the only personal representative of the deceased in existence, and the construction thus given the statute is, that such a suit shall not be brought by her. This is in direct contradiction of the words of the statute. The advocates of this view interpolate into the statute what is not there, by holding that the personal representative must be one residing in the state or appointed by its authority. The statute says the amount recovered shall be for the exclusive benefit of the widow and next of kin. Why not add here, also, by construction, 'if they reside in the state of New Jersey'?

"It is obvious that nothing in the language of the statute requires such a construction." (*Dennick v. Railroad Co.*, 103 U. S. 11, 18, 26 L. Ed. 439.)

To the same effect is a decision of the court of appeals of the state of Missouri:

"But it is argued that the legislature of Illinois could not have intended to give such a right of action to a foreign administrator—to an administrator appointed in a state other than the state of Illinois. It is argued that the words 'personal representative,' in the Illinois statute, must be limited in their meaning to an executor or an administrator appointed in that state. Why should we so hold? The statute does not say so. If the domicil of the deceased person was in Missouri; if his general estate is here, why should it be held necessary for his next of kin to cause ancillary administration to be taken out in Illinois, and to go to the expense of prosecuting an action there, at a place distant, it may be, from their own domicil? This whole branch of the argument proceeds in the very face of the statute. It says that the action shall be brought by the personal representative of the deceased; the plaintiff is that personal representative, and yet the contention is that he shall not be allowed to maintain the action." (*Stoeckman v. Terre Haute etc. R. Co.*, 15 Mo. App. 503, 511.)

Following the thought expressed in *Dennick v. Rail-*

*road Co., supra,* it may be said that advocates of the view referred to interpolate into the statute of Iowa what is not there by holding that "personal property belonging to the estate of the deceased" means "personal property belonging to the estate of a deceased resident"; and they might as well add by construction to the words of the next clause, "husband, wife, child or parent," the limitation "if they reside in the state of Iowa."

When properly discriminated, the decided cases and the statements of text-writers based upon such cases which have been cited in favor of disposition according to the statute of descents and distributions of Iowa are not controlling.

In the District of Columbia and in the state of North Carolina there are special legislative directions that the fund shall be divided according to the law of descents and distributions. (23 U. S. Stat. at L. 307, ch. 126, §3; *Stewart v. Baltimore & Ohio Railroad Co.,* 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537; Code of North Carolina, §§1500, 1478; *Hartness v. Pharr,* 133 N. C. 566, 45 S. E. 901, 98 Am. St. Rep. 725.)

The statute of Illinois, interpreted by the courts of Kentucky and Missouri in the cases of *McDonald, &c., v. McDonald's Adm'r,* 96 Ky. 209, 28 S. W. 482, 49 Am. St. Rep. 289, and *Stoeckman v. Terre Haute etc. R. Co., supra,* differs from that of Iowa in two particulars. It first designates specifically the persons who are to receive the fund, and then it refers to the law of descents and distributions for the rule by which the proportion of each shall be ascertained. It is not necessary to canvass the entire list of cases cited for the purpose of distinguishing them.

The statute of Iowa is unambiguous. It clearly places damages recovered on account of death occasioned by wrongful act in the category of ordinary personal property belonging to the estate of the deceased. The statute of descents and distributions of

that state has no application to personal property belonging to the estate of a deceased non-resident. Therefore the fund in controversy is to be distributed according to the law of the domicil of the deceased.

The judgment of the district court is reversed, with direction to enter judgment for the plaintiff in error upon the agreed facts.

All the Justices concurring.

PORTER, J., not sitting.