IN THE MATTER OF THE ESTATE OF CHARLES F. COE, DEceased, GEO. W. COE, Administrator, JENNIE E. COE, Widow and Claimant, v. M. C. WAINRIGHT, Guardian of REUBEN COE and SUSAN COE, Mother of D⸱ceased, Appellants.

**Estates of decedents:** RECOVERY FOR WRONGFUL DEATH: DISTRIBUTION. The sum recovered by the personal representatives of one who suffered a wrongful death, will be distributed according to the law of the state where the death was occasioned.

*Appeal from Harrison District Court.*— HON. O. `D. WHEELER, Judge.

TUESDAY, APRIL 3, 1906.

CHARLES F. COE, a resident of this state, was killed in a railway accident in the state of Illinois. Geo. W. Coe was duly appointed administrator of his estate in Harrison county, Iowa, and, as such administrator, he received from the railway company a certain sum as damages for causing the death of his intestate. This sum was paid in settlement of his claim against the company and without suit. The deceased left a widow, Jennie E. Coe, but no issue, and she claims the full amount secured by the administrator, as provided by the statute of Illinois. The defendants, Reuben Coe and Susan Coe, are the parents of the deceased, and claim that the fund is to be disposed of under the statute of this state, and that they are entitled to one-half of it. There was a judgment sustaining the plaintiff's claim, and the defendants appeal.— *Affirmed.*

*Cochran & Egan,* for appellants.

*John W. Jacobs* and *Roadifer & Arthur,* for appellees.

SHERWIN, J.— There is but one question for determination, namely, to whom does this money belong? The statute of Illinois, under which claim was made for damages for the death of Coe, is as follows:

Paragraph 1. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case, the person who, or company or corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

Par. 2. Every such action shall be brought by and in the name of the personal representative of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin, of such deceased person and shall be distributed to such widow and next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person, not exceeding the sum of five thousand dollars; provided, that every such action shall be commenced within two years after the death of such person.

Hurd's Rev. St. 1903, chapter 70.

The Illinois statute also provides that if the husband die without issue, leaving a widow, the whole of his personal estate shall descend to her.

The right to recover in cases of this kind depends solely

on the statute of the state where the wrongful act is committed. *Hyde, Adm'r v. Wabash, St. Louis & Pacific Ry. Co.*, 61 Iowa, 441. And while actions to recover damages for the death of a person are quite uniformly held to be transitory, it is nevertheless the general rule that, when the statute creating the liability limits recovery to certain persons, only the designated persons have any right to, or interest in, the amount recovered; and that a recovery in a jurisdiction, other than where the liability arises, will not justify a distribution of the fund not in accordance with the statute creating the right. This we conceive to be the sound rule. The liability being created solely by the statute, it is clear that it may also limit the beneficiaries thereunder; and, when it does so, it is equally as clear that the wrongdoer cannot be made to contribute to others, and that no one else has or can have any property interest in, or right to, the amount recovered, or any part thereof. Under the statute of Illinois, the railway company was not liable to the decedent's estate. It was only liable to his widow or next of kin, and then the damage paid is to be distributed as personal estate of the intestate, the whole of which, under the Illinois law, goes to the widow, if there be no issue.

The precise question under consideration has not heretofore been directly determined by this court, but the rule here announced finds support in the reasoning in the cases of *Morris v. Chicago, Rock Island & Pacific Ry.*, 65 Iowa, 727, and Hyde, Adm'r v. Railway Co., *supra*. In the latter, an action was brought in this state to recover for the death of the plaintiff's intestate, who was killed by the defendant, in Missouri. The wrongful act having been done in that state, and the plaintiff not pleading or proving a statute thereof creating liability, we held there could be no recovery under the statute of Iowa. In discussing the question, it is said: "Again, if the cause of action survives, it must survive to some person or persons. A cause of action which survives only by statute must survive to the per-

son or persons designated by statute." · It is further said therein that, if the cause of action survived to particular persons, it could not be held to have survived to the personal representative. The reasoning of the Hyde Case fully supports our conclusion here. · All of the cases in other jurisdictions, deciding the point, to which our attention has been directed, support the appellee's contention. In *Dennick v. Central R. R. Co.,* 103 U. S. 11 (26 L. Ed. 439), the plaintiff brought her suit, in New York, to recover damages for the death of her husband by an accident on the defendant's railroad, in New Jersey. The statute of the latter state permitted a recovery for the benefit of the widow and next of kin, and, in answer to the contention that the administrator could only administer that which was of the estate of the deceased in his lifetime, Mr. Justice Miller said: " The statute of New Jersey says the personal representative shall recover, and the recovery shall be for the benefit of the widow and next of kin. It would be a reproach to the laws of New York to say that, when the money recovered in such an action as this came to the hands of the administratrix, our courts could not compel distribution as the law directs." The question is decided in accordance herewith in the following cases: *McDonald v. McDonald, Adm'r,* 96 Ky. 209 (28 S. W. 482, 49 Am. St. Rep. 289) ; *Hanna v. G. T. Ry. Co.,* 41 Ill. App. 116 ; *Florida Central & P. R. Co. v. Sullivan,* 120 Fed. 799 (57 C. C. A. 167, 61 L. R. A. 410) ; *Matter of Degarmo,* 86 Hunter, 390 ; *Stewart v. B. & O. R. R. Co.,* 168 U. S. 445 (18 Sup. Ct. 105, 42 L. Ed. 537.)· *In re Estate of Lucien Cook,* 126 Iowa, 159 and *Romano v. Brick & Pipe Company,* 125 Iowa, 600, do not discuss or decide this question and are not in conflict with our conclusion.

The judgment is right, and it is *affirmed.*