E. W. BOLINGER, *as Trustee, etc., Appellee,* v. HELEN M. BEACHAM (*Defendant*) and H. H. BEACHAM (*Intervenor*), *Appellants.*

No. 16,329.

SYLLABUS BY THE COURT.

1. POSSESSION—*Secreted Personal Property—Finding Supported by Evidence.* Upon an examination of the evidence it is held that a finding that the defendant had in her possession $500 in money secreted among her effects is sustained thereby.

2. LAW OF ANOTHER STATE—*Pleading—Mistake of Fact.* When the law of another state becomes material upon a trial in this state it must be pleaded and proved as a fact, and a mistake concerning a statute of another state is treated in our courts as a mistake of fact.

Appeal from Cowley district court; OLIVER P. FULLER, judge *pro tem.* Opinion filed February 12, 1910. Judgment against the defendant affirmed. Judgment against the intervenor reversed.

*W. P. Hackney,* and *J. T. Lafferty,* for the appellants.

*C. W. Roberts,* and *F. L. Richardson,* for the appellee.

Bolinger v. Beacham.

The opinion ot the court was delivered by

BENSON, J.: In a proceeding in aid of execution the judgment debtor, Helen M. Beacham, was ordered to pay into court the sum of $500, and to indorse a cashier's check for $450 which had been placed in the custody of the clerk. She appeals from this order. Pending these proceedings H. H. Beacham, husband of the judgment debtor, filed an intervening petition claiming the proceeds of the check and the money so ordered to be paid into court. A demurrer to this petition was sustained, and from this ruling the intervenor appeals.

Upon the examination of the judgment debtor the court found that the plaintiff held a judgment against Helen M. Beacham for $1500 and costs; that she had received the sum of $1000 in cash from the Atchison, Topeka & Santa Fe Railway Company in settlement of a claim for the death of her son, which had been paid to her with her husband's consent; that her husband had also received from the company the sum of $1000 on the same claim; that this division of the $2000 had been made by agreement of the husband and wife; that Mrs. Beacham had in her possession at the time of service of the order for her examination the sum of $950, part of the $1000 so paid to her; that she deposited $500 of this amount in a bank at Arkansas City and took therefor a cashier's check, payable to the order of Emily M. Hersom, a sister residing in Massachusetts; that the sister had no interest in the check, and no knowledge of it, the sister's name being used for convenience, and the bank agreeing that Mrs. Beacham should sign the sister's name when necessary to indorse the check; and that she afterward indorsed the check in the name of her sister and drew $50 in money thereon, and took another check for $450 in the same name and with the same understanding.

This check was produced at the examination and delivered to the clerk. The court further found that Mrs. Beacham had the sum of $500 in cash secreted among her effects; that this cash and the 450-dollar check belonged to her, and that she refused to apply any part of these amounts upon the judgment. The court also found that she held the proceeds of an insurance policy upon the life of her deceased son, amounting to $2000, but which was not subject to the payment of the judgment.

Mrs. Beacham's principal contention is that the evidence does not support the finding that she had $500 secreted among her effects. Her testimony was self-contradictory and confusing. She testified that she had left the money and a draft or drafts in a package with a neighbor when she left home to attend the examination. She also testified that she had spent it, and although less than a month had elapsed since she received it she was unable or unwilling to give any satisfactory account of such expenditure. She refused at first to give the name of the person with whom she had left the package, and when the name was given and an order had been made to her knowledge for this custodian to appear in court with the package she telephoned to have it turned over to another, which was immediately done, and by that other person it was returned to the defendant's home before it could be produced in court. This conduct prevented the examination of the package until after it had been returned to her possession. Without attempting to state all the voluminous evidence bearing upon the question, it is sufficient to say that it has been carefully read and the finding complained of appears to be well sustained.

While the hearing was in progress Mr. Beacham was called as a witness for the plaintiff, but refused to testify because of his relationship to the judgment debtor. After the examination had proceeded for two

days, and while it was still pending, he obtained leave to file an intervening petition, in which he stated in substance that the son of the intervenor and his wife, Helen M. Beacham, while in the employ of the railway company, was killed in the state of Oklahoma, leaving neither wife nor child; that a statute of that state, set out in the petition (identical with section 4871 of the General Statutes of 1901 of this state), provides for an action to recover damages for the death of one caused by the wrongful act or omission of another; that another statute of that state provides that where a person dies leaving no issue, nor husband or wife, the estate must go to the father; that a settlement of a claim against the railroad company for damages for the death of the son was made for $2000; that the general claim attorney of the company, with whom the settlement was made, stated at the time to the intervenor that under the laws of Oklahoma one-half of this sum belonged to the mother of the deceased; that the intervenor was ignorant of the laws of the state of Oklahoma and believed this statement to be true, and, relying upon it gave to his wife at that time $1000 of the money so received, each receiving one-half of the $2000, under the mutual mistake that each was lawfully entitled thereto; that the sum represented by the 450-dollar check in the hands of the clerk, and the sum found by the court to be in the hands of Helen M. Beacham, were parts of this $1000 so given to her, and lawfully belonged to the intervenor; and that he was entitled to the check and money, and prayed for an order for the delivery thereof to him accordingly.

The plaintiff demurred to this petition on the ground that it did not state facts sufficient to entitle the intervenor to the relief sought, and that it set forth a mistake of law and not of fact.

The contention of the intervenor is that the entire $2000 belonged to him alone under the Oklahoma stat-

utes, and that, his wife having received $1000 of it by a mutual mistake, he is entitled to the check and the $500 remaining of that sum. On the other hand, the plaintiff contends that if any mistake was made concerning the ownership of the $2000 so received it was a mistake of law, for which no relief can be given. The district court held that the mistake was one of law, and appears also to have based the ruling in part upon the proposition that the application was made too late, the intervenor having been present in court upon the hearing for two days, hearing the testimony of his wife and refusing to testify himself, and failing to aver that he did not have knowledge of the facts when the proceedings were begun. In reference to this last ground it should be observed that the $1000 was paid to Mrs. Beacham on July 7, 1908; that this proceeding was begun July 8, 1908, and the examination commenced August 5; and that the intervening petition was filed August 18, 1908. Whatever may be inferred from the failure of the intervenor to file his petition at the beginning of the hearing, it can not be held as a proposition of law that he was thereby barred of the right to have it considered. Nor could his refusal to testify as a witness against his wife deprive him of any right he might otherwise have, since the statute gave him that privilege. Besides, in the exercise of discretion, the court gave him leave to file his petition, and thereby to invoke judicial action upon his claim.

Passing to the question argued in the briefs, we are constrained to hold, treating the allegations as true, that the mistake pleaded in the intervening petition is a mistake of fact and not of law. When the law of another state becomes material upon a trial in this state it must be pleaded and proved as a fact. (*Mystic Legion v. Brewer*, 75 Kan. 729; *Railroad Co. v. Johnson*, 61 Kan. 417.) The general rule that a mistake of law, pure and simple, is not adequate ground for relief

Bolinger v. Beacham.

rests upon the fundamental assumption that persons of sound and mature mind are presumed to know the law; but this assumption does not apply to the laws of another state. (2 Pom., Eq. Jur., 3d ed., § 842.) Ignorance of these laws is deemed to be ignorance of fact. (*Morgan v. Bell,* 3 Wash. 554; *Haven v. Foster,* 26 Mass. 111; *Ellison v. Branstrator,* 153 Ind. 146; 1 Story's Eq. Jur., 11th ed., § 140.)

Having alleged a mutual mistake concerning the statutes of Oklahoma, and this being treated in our courts as a mistake of fact, we must next consider whether the mistake thus pleaded was so far material as to afford grounds for relief. The statute of that state giving the right of action, which was set out in the petition, declares who shall be the beneficiaries of that right, thus:

"The damages . . . must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." (Comp. Laws Okla. 1909, § 5945.)

The words "next of kin," as used in our statute (Civ. Code, § 422; Gen. Stat. 1901, § 4871), identical as we have seen with that of Oklahoma, are held to mean those who inherit from the deceased under our statute of descents and distributions. (*Railway Co. v. Ryan,* 62 Kan. 682; *Railway Co. v. Townsend,* 71 Kan. 524.) Interpreting the same language in the Oklahoma statute to have the same meaning, we must next look to the statute of that state to ascertain to whom such property descends or is distributed. This statute, also pleaded in the intervening petition, declares that "if the decedent leave no issue, nor husband nor wife, the estate must go to the father." (2 Rev. & Ann. Stat. Okla. 1903, § 6895, subdiv. 2.) Thus it appears that the right to damages for the death of the son by the laws of the state where he was killed vested in the

father. Money paid in compromise is to be distributed as if paid upon a judgment. (Tiffany, Death by Wrongful Act, § 89; *Goltra et al. v. The People, use, etc.,* 53 Ill. 224.)

The intervening petition does not state the residence of the deceased, but since he was unmarried and his parents were residents of this state, and there is no allegation that his residence was elsewhere, it will be presumed that he was a resident or Kansas. Still, the proceeds of a recovery under the statute of Oklahoma, for his death there, must be distributed as provided by the statute conferring the right. (*Hartley v. Hartley,* 71 Kan. 691.) The statute of the state where the accident occurs, and not that of the decedent's domicile, governs the distribution of the fund. (*In re Estate of Coe,* 130 Iowa, 307, 4 L. R. A., n. s., 814, and case-note.)

The conclusion is that the intervening petition stated facts sufficient to afford grounds of relief, and that the court erred in sustaining the demurrer thereto. The order appealed from by the defendant requiring her to indorse the check in the hands of the clerk and to pay into court the sum of $500 is affirmed. The order sustaining the demurrer to the intervening petition of H. H. Beacham is reversed, and the cause is remanded with directions to overrule the demurrer and proceed with the determination of the issues that may be made upon the intervening petition.