MORRIS et al. v. ALTSTEDTER.

(Supreme Court, Special Term, New York County. · January 20, 1916.)

1. COURTS ⊂⇒7—JURISDICTION—LOCAL OR TRANSITORY ACTIONS.

An act of competition, which violates the law of fair dealing and good conscience, is of universal recognition, so that it is immaterial that such act occurred without the jurisdiction of the court, if the parties are within the jurisdiction; it being presumed that the law of foreign countries on that subject is the same as that of the situs of the action.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 14, 16, 22–31; Dec. Dig. ⊂⇒7.]

2. TRADE-MARKS AND TRADE-NAMES ⊂⇒79—UNFAIR COMPETITION—JURISDICTION.

Unfair competition, because of its essentially fraudulent character, is cognizable by a court of equity.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 89, 90; Dec. Dig. ⊂⇒79.]

3. COURTS ⊂⇒7—JURISDICTION—LOCAL OR TRANSITORY ACTIONS.

An action to enjoin unfair competition, though founded on fraud, is of transitory character, and it is no defense that some of the fraudulent acts were committed outside the jurisdiction of the state or the United States.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 14, 16, 22–31; Dec. Dig. ⊂⇒7.]

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. TRADE-MARKS AND TRADE-NAMES ☜70—"UNFAIR COMPETITION"—EVI-
DENCE.

Where defendant attempted to purchase goods from plaintiffs, and on failure to agree on the price went into Canada and manufactured goods essentially similar to plaintiff's goods, his acts were unfair competition, subject to be enjoined.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. ☜70.]

Proceeding by Mortimer S. Morris and Jacques Bendien, copartners doing business under the name of Morris & Bendien, for injunction against Moritz Altstedter, doing business under the name of the National Picture Frame & Art Company. Heard on plaintiff's motion for injunction pendente lite. Motion granted.

Goldman, Heide & Unger, of New York City, for plaintiffs.
Morris & Samuel Meyers, of New York City, for defendant.

NEWBURGER, J. Plaintiffs allege: That they are manufacturers and publishers of novelties, and more particularly woodenettes and placquettes, and that they have built up a large business in the sale of their merchandise in the United States and in foreign countries, more particularly in the Dominion of Canada. That in or about the year 1910 they originated, manufactured, and sold a series of artistic placques and mottoes which are known to the trade as woodenettes, and which consist of an elongated placque or plate made of paper, having a surface ornamentation to imitate grained wood, suitably strengthened at its ends by wooden cleats and provided with a cord whereby it may be suspended, and bearing upon the front face in artistic original type an illuminated motto. That since these woodenettes were first introduced to the trade by plaintiffs the demand has been very large, and the plaintiffs have done a large and growing business in the manufacture and sale thereof, both in the United States and in the Dominion of Canada. That on or about the 18th day of June, 1915, the defendant Altstedter requested the plaintiffs to fix a price at which they would sell him the said woodenettes in lots of 100,000 and 200,000, and that the plaintiffs fixed the price at $62.50 per thousand. The defendant objected to the price and did not order the goods. That since the woodenettes have been put on the market the plaintiffs have sold about 950,000. That since September, 1915, the defendant has sold to merchants in Canada large quantities of goods similar in design, appearance, style, and wording, so much so that the imitation could only have been made up from photographic copies of those made by the plaintiffs, but that the same are inferior to the quality of those manufactured by these plaintiffs. That the defendant Altstedter has a residence in this city and does business here under the name of the National Picture Frame & Art Company, and that he is also conducting business in Canada under the same name and title.

The defendant admits that he conducts business in Toronto, Canada, under the same name and title as that conducted by him in this city,

but claims that said business, although owned by him, is conducted and managed by one Jacobson, and that the said woodenettes and mottoes sold by him in Canada have been manufactured within the said Dominion of Canada. But the defendant does not deny that the proceeds of the sale of such woodenettes and mottoes are received by him. In other words, his sole contention is that the same were not manufactured in the United States, but are manufactured in the Dominion of Canada, and that the plaintiffs' trade-mark was never registered in Canada.

[1-4] This is a proceeding to enjoin the defendant, not only for the infringement of the trade-mark, but unfair competition. The defendant cites in his brief the case of Vacuum Oil Co. v. Eagle Oil Co. (C. C.) 122 Fed. 105, which was decided on March 3, 1903, but he seems to have overlooked the same case in (C. C.) 154 Fed. on page 867, and decided on June 18, 1907. In the latter case the court held, at page 875:

"It is not founded upon any foreign statute, nor has such been pleaded, nor does it make any difference whether the complainant's trade-marks are valid in Germany or not. The presumption is that the law in the foreign countries where any part of the fraudulent business was carried on is the same as our own, and that fraudulent acts are unlawful there as here."

And judgment was decreed in favor of plaintiff. This case was affirmed in 162 Fed. at page 671, 89 C. C. A. 463.

It has been repeatedly held that an act that violates the law of fair dealing and good conscience must be of universal recognition. Unfair competition in trade is made cognizable by a court of equity, because of its essential fraudulent character. See Hopkins on Trade-Marks, p. 41; Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U. S. 537, 11 Sup. Ct. 396, 34 L. Ed. 997. It has also been held that, while the action is founded upon fraud, it is also of a transitory character, and the fact that some of the fraudulent acts were committed outside of the jurisdiction of this state or the United States will not avail the defendant. See McKenna v. Fisk, 1 How. 241, 11 L. Ed. 117; Mitchell v. Harmony, 13 How. 115, 14 L. Ed. 75; Dennick v. Cent. R. R., 103 U. S. 11, 26 L. Ed. 439.

I am therefore of the opinion that, in view of the conduct of the defendant, it not being denied that he attempted to purchase from these plaintiffs goods, and upon their failure to agree upon the contract price that he, in going into the Dominion of Canada and manufacturing articles similar to those which the plaintiffs had manufactured for years, did so for the purpose of injuring these plaintiffs, and that such acts undoubtedly come within the definition of unfair competition.

The motion for an injunction pendente lite must therefore be granted. Settle order on notice.