(*Superior Court of Cincinnati.*)
General Term, June, 1898.

## JAMES MAHONEY and KATE MAHONEY, his wife, v. J. J. KINNEY and GLASNER.

(1.) A law relating to chattel mortgages is not unconstitutional for want of uniformity when it is not limited to any particular locality, but operates upon all chattel mortgages similarly situated throughout the state.

(2.) Nor is the till of rights contravened and the equal protection of the laws denied by an act which provides that a certain class of mortgagees can foreclose only in a court of record. Such a provision is a mere dstribution of jurisdiction among the different courts, and is clearly within the power of the legislature. And further, where chattel morgages are divided by statute into two classes, those in the same class are "similarly situated.'

(3.) If it should be conceded that the provision in section 4155—1, R. S., that "if the mortgagee fails to recover the full amount on his petition, the court shall adjudge the cost against him," is unconstitutional, the remaining provisionn of the act would not be thereby invalidated.

---

JACKSON, J.

This case has been reserved to this court upon the question of the constitutionality of section 4155—1, which provides as follows :

"No chattel mortgage on the necessary household goods, wearing apparel or mechanics' tools of any person or family, except chattel mortgages given to secure the purchase price thereof, shall be foreclosed except in a court of record. No such household goods, wearing apparel or mechanics' tools covered by the chattel mortgage shall be seized or taken out of the possession of the mortgagor before foreclosure, except by the sheriff or constable, and then only after the mortgagee or his agent has

presented an affidavit to the Judge of some court of record, or justice of the peace, setting forth that the mortgage is due, or that the mortgagee is in danger of losing his security, giving the facts upon which he relies, and after obtaining an order from such judge or justice of the peace directing such sheriff or constable to seize said household goods, wearing apparel or mechanics' tools and hold them subject to the order of the court, any stipulation of such mortgage to the contrary notwithstanding; provided that nothing herein shall apply to the sale of furniture or other household goods by regular dealers; provided further that this act shall not apply to. the foreclosure of chattel mortgages executed prior to the time that this act goes into effect; provided further that if the mortgagee fails to recover the full amount on his petition. the court shall adjudge the costs against him.''

Upon the hearing in the court below, the defendants, Glasner and J. J. Kinney, constable, were enjoined from proceeding to sell upon execution the property covered by the chattel mortgage to satisfy a judgment obtained in a court of a justice of the peace of this county. The court below held, in substance, that such a proceeding in a justice's court was in effect an indirect foreclosure of a class of chattel mortgages provided for in the statute in question, and that such proceeding consequently fell within the prohibition of the statute.

But the defendants contend that the statute in question is unconstitutional.

First, it is urged that it contravenes section 26, article 2, of the constitution of the state, which provides: ''That laws of a general nature shall have a uniform operation throughout the state.'' We do not think this proposition can be maintained, inasmuch as the law is not limited to any particular locality, but does operate upon all chattel mortgages similarly situated throughout the state. In Cincinnati v. Steinkamp, 54 Ohio St., page 25, the court said: ''In order to be general and uniform in operation, it is not necessary that the law should operate upon every person in the state, nor in every locality; it is sufficient, the authorities coincide in holding, if it operates upon every person brought within the relation and circumstances provided for, and every locality where the conditions exist.''

But counsel for defendants contend that the law is further unconstitutional inasmuch as it denies to the class of chattel mortgages represened by the defendant Glasner, the equal protection of the laws, and that it therefore contravenes the fundamental principles of the bill of rights, which provides that government ''is instituted for the equal protection and benefit of all.''

But we do no think that the law in question denies to chattel mortgagees of necessary household goods, wearing apparel and mechanics' tools the equal protection of the laws. The law provides that such mortgagees, except those who hold mortgages for the unpaid purchase price of the article sold, can foreclose their mortgages only in a court of record. All other mortgagees may proceed as before the passage of the act to enforce their claims in the court of a justice of the peace. It is true that in permitting some classes of mortgagees to enforce their claims before a justice of the peace, while requiring certain other classes to proceed by foreclosure in a court of record, a certair advantage may be gained by the former over the latter; but such advantage must be considered as merely incidental and necessarily following from the jurisdiction conferred by the legislature upon the different judicial tribunals. The act must be considered as if it provided that justices of the peace shall have jurisdiction to enforce the payment of a debt secured by chattel mortgage only in certain specified cases, and that courts of record shall have exclusive jurisdiction to enforce such claims by foreclosure proceeding in all other classes of cases. Such a distribution of jurisdiction among the different courts is clearly within the power of the legislature, and an incidental advantage or disadvantage to one class or the other, derived only from the different rules of procedure in the different courts, and which does not give to one a new right which is witheld from the other, or deny to the one a right recognized by the law, must be regarded as a legitimate consequence of such act. The act in question is clearly within this principle. It does not deny to the chattel mortgagee of necessary household goods, wearing apparel, etc., the right to enforce his claim against the mortgage security free from any right of exemption on the part of the mortgagor; it simply provides that he must do this in a court of record. The only disadvantage he suffers is that the enforcement of his right in a court of record is possibly attended with more delays, and is more circuitous than the direct method of replevin or sale on execution employed in a justice's court. But this is a disadvantage incident only to the different modes of procedure employed in the different courts upon which jurisdiction is conferred by the legislature in the different classes of mortgages mentioned.

In this view of the law, the act ir question differs materially from a law which would prescribe different methods of procedure in the same court for parties similarly situated.

In the recent case of Backus v. the Union Depot Company, 169 U. S., it is intimated by Mr. Justice Brewer that a law of this latter nature might be invalid if the different methods of procedure affected injuriously one or the other party similarly situated. But the act in question does not come within this principle, inasmuch as it is not a different method of procedure applied to similar classes of mortgagees in the same court, but rather an act to limit

and define the jurisdiction of the justices' courts.

But further, we do not think that the law in question makes any distinction even as to the different tribunals which must be sought by parties similarly situated, for it must be said that the legislature has a right to recognize and make a distinction between different classes of chattel mortgages, so that only those falling within the one class or the other would be regarded as being similarly situated, and therefore entitled to the benefit of the same procedure, even in the same court. If the procedure applies to all similarly situated, the law is not invalid, and under this act only those coming within one class or the other can be regarded as being similarly situated. We think, therefore, that the law stands the test of constitutionality upon this point.

But it is contended by defendant that the law is invalid by reason of the last provision of the act in question. which provides as follows: "That if the mortgagee fails to recover the full amount on his petition. the court shall adjudge the cost against him." In support of this contention, counsel relies upon the case of Coal Company v. Rosser, 53 Ohio St., page 12, wherein it is held that section 6563a of the Revised Statutes, providing, "if the plaintiff in any action for wages recover the sum claimed by him in his bill of particulars, there shall be included in his costs such fees as the court may allow, but not in excess of five dollars, for his attorney," was invalid as being in violation of the fundamental principles of the bill of rights. Without passing upon the applicability of the Ross case to the question here presented, but conceding plaintiff's contention in this respect to be sound, we do no think this invalid portion of the act invalidates the rest of the act. It is a well settled rule that an invalid portion of a statute will not render the whole statute void unless the two portions are so intimately connected that there can not be a separation thereof, or unless it clearly appears that the legislature would not have passed the one portion without the other. "Unconstitutional provisions of an act will no doubt sometimes defeat constitutional provisions, where they are so essentially and inseparably connected in substance as to prevent the enforcement of the valid part without giving effect to the invalid portion; but when the valid and invalid portions of the act are not mutually dependent upon each other as considerations, conditions or compensations for each other, and the valid portions are capable of separate enforcement, the latter are never declared void because of invalid portions of the law." See the case of the State Freight Tax, 15 Wallace, 232; Allen v. Louisiana, 103 U. S., 20; Ratterman v. Western Union Telegraph Co., 127 U. S., 411, and Field Co., v. Clark, 143 U. S., 649. But one of these cases will be refer-

red to, viz., that of the State Freight Tax, 1 Wallace. 232. In that case there was a single act imposing a tonnage tax upon all railroads on all freight transported by them. The constitutionality of the law was attacked on the ground that it applied not merely to freight carried wholly within the state, but extended to freight received without and brought into the state, and to that received within and carried beyond the limits of the state, which came within the interstate commerce provision of the constitution of the United States. The supreme court of the United States in that case held the tax invalid as to his latter class of freight; and being valid as to the internal freight, that much of the law could not be defeated by the invalid part, although the act imposing the tax was single and entire.

In the case at bar we are not concerned with the provision requiring that if the mortgagee fails to recover the full amount on his petition, the court shall adjudge the costs against him. We do not consider that provision so necessarily or intimately connected with the other portions of the act, that the other portions of the act can not be enforced without giving effect to this provision; nor have we any reason to know that the legislature would not have passed the other portions of the act without the portion of the act in question.

For the reasons above stated, we are of opinion that the act in question is valid.

Raymond Ratliff, for the plaintiffs.

Burch & Johnson, for the mortgagee.