[No. 2251]

## WILLIAM O. LEACH, Appellant, *v.* MASON VALLEY MINES COMPANY (a Corporation), Respondent.

[161 Pac. 513]

1. Master and Servant—Personal Injuries—Workmen's Compensation Law—Release—Validity.

Under Workmen's Compensation Act (Act of March 24, 1911, Stats. 1911, c. 183), section 11, allowing workmen to elect any other remedy at law, where a servant, a citizen and resident of California, executed in California a full and fair release of his master from liability for injuries received in his employment in Nevada, which was valid in California, it was a valid defense to action by him in Nevada for such injuries, notwithstanding Rev. Laws. 5652, providing that no acceptance of any insurance, relief benefit, or indemnity by the person entitled thereto shall constitute any bar to any personal injury action, for, the cause of action being transitory, and being completely barred in California, it was completely extinguished everywhere.

Appeal from Second Judicial District Court, Washoe County; *R. C. Stoddard,* Judge.

Action by William O. Leach against Mason Valley Mines Company. From judgment for defendant, plaintiff appeals. **Affirmed.**

*Dixon & Miller,* for Appellant:

The alleged release comes within the provisions of section 5652, Revised Laws, and cannot constitute any defense in bar of appellant's cause of action. The allegation that the release was executed in California makes no difference, because the employment, the injuries and the action were all in Nevada, and the law of the latter must

necessarily govern.    The alleged release attempts to set up a contract which is contrary to the policy of the state, and could not, therefore, be enforced by our courts. (*Lawson* v. *Halifax-Tonopah Mining Co.*, 36 Nev. 596.)

Objection being made, it was the duty of the lower court to exclude the release from the evidence, or at most to allow it to be used, not in bar but merely for the purpose of giving the jury an opportunity to reduce the amount of the consideration from their verdict, if they found that this was a consideration moving from the respondent and not from the Guardian Casualty Company. It was pleaded in bar, and not by way of reduction of the verdict.    It was offered in evidence in bar, and was admitted as in bar of plaintiff's right of action, was so treated by the court all through the trial, and in the final decision of the trial judge in directing a verdict for the defendant. (*Robinson* v. *Baltimore & Ohio Ry. Co.*, 237 U. S. 84, 59 L. Ed. 851; *Lawson* v. *Halifax, supra.*)

Even if the release had, in law, constituted a *prima facie* bar of plaintiff's right of action, he was still entitled to have the several issues raised by his replies and supported by his evidence submitted to the jury for their decision; and the trial court very greatly erred in refusing to submit these issues to the jury for their decision.    "On motion for directed verdict, it is not within the province of the court to weigh the evidence; but plaintiff is entitled to have the most favorable view of the evidence taken in his behalf." (*Hales* v. *Michigan Central Ry.*, 200 Fed. 533; *Bolton Pratt Co.* v. *Chester*, 210 Fed. 251; *Travelers' Ins. Co.* v. *Randolph*, 78 Fed. 754; *Worthington* v. *Elmer*, 207 Fed. 306; *Erie R. R.* v. *Weber*, 207 Fed. 293; *Erie R. R.* v. *Schults*, 183 Fed. 673; *Blount* v. *Railroad*, 61 Fed. 375; *C. O. Ry.* v. *King*, 99 Fed. 251; *Erie R. R.* v. *Rooney*, 186 Fed. 16; *M. & O. Ry.* v. *Yockey*, 103 Fed. 365; *Milwaukee Ins. Co.* v. *Rhea*, 123 Fed. 81; *Byers* v. *Pa. Steel Co.*, 159 Fed. 347; *Tenn. Copper Co.* v. *Caddy*, 207 Fed. 297; *Yazoo Ry. Co.* v. *Wright*, 207 Fed. 281; *Evans* v. *Josephine Mills Co.*, 113 Ga. 1097; *Mahuken* v. *Board*, 59 N. J. 404.)

*Brown & Belford, W. H. King,* and *P. T. Farnsworth, Jr.,* for Respondent:

Every fact and circumstance surrounding the execution of the release was fully disclosed and testified to by appellant, and no pleading could be drawn which, under the facts in the case, would in any manner affect the binding force of the release. There is not a suggestion in the record of any fraud or misrepresentation whatsoever on the part of respondent or any of its representatives. While appellant in numerous places in the record asserts that he made his settlement with the insurance company, it conclusively appears from his own testimony that he did know and understand that he was thereby settling his claim for damages as distinguished from any claim for insurance. There is no authority which holds that the mere undisclosed mental state of a party to a contract, unaccompanied by any fraud or misrepresentation on the part of the other party, will relieve him of his obligation under such contract. "The salutary power of courts of equity to rescind or reform contracts which do not express the real intention of the parties is not to be extended to cases where the contract, because of the mistake of one of the parties, fails only to express the meaning of that party, and he seeks relief purely on the ground of his own mistake." (*Moffett Co.* v. *City of Rochester,* 91 Fed. 28.)

"Every written contract carries the strong presumption that it expresses the terms agreed upon between the parties to it, and ought not to be reformed except when it clearly and satisfactorily appears that there has been a mutual mistake, or a mistake on the part of the plaintiff accompanied by fraud on the part of the defendant, or by such acts on his part as would clearly be inequitable between the parties." (*Kleinsorge* v. *Rohse,* 25 Ore. 51; *Ramsey* v. *Smith,* 32 N. J. Eq. 28; *Deseret National Bank* v. *Dinwoodey,* 17 Utah, 43; *Crane* v. *McCormick,* 28 Pac. 222; *Comer* v. *Granniss,* 75 Ga. 277; *Griffin* v. *O'Neill,* 29 Pac. 143; *Brown* v. *Levy,* 69 S. W. 255.)

In the case at bar appellant confessedly retained the

full amount of the settlement, and has made no offer to return same, or any part thereof. "But there is another insurmountable obstacle in the complainant's way upon this feature of this case, and that is, although she desires to set aside the contract of release, she still retains the consideration, and has never offered to return it. Where a party attempts to rescind a contract, the rescission must be complete. He cannot affirm it in part and reject it in part. Common honesty would require him seeking to escape the burdens of the contract to return the benefits which he has received. This is not only the rule of common honesty and fairness, but has been recognized by the courts from time immemorial." (*Barker* v. *Northern Pacific Ry. Co.*, 65 Fed. 460; *McLean* v. *Clapp*, 141 U. S. 429; *Hill* v. *Northern Pacific Ry. Co.*, 113 Fed. 914; *Valley* v. *Boston R. Co.*, 68 Atl. 635; *Louisville Ry. Co.* v. *McElroy*, 37 S. W. 844; *Norwich* v. *Girton*, 24 N. E. 984.)

Even if the contract of settlement had been made between citizens of Nevada within the State of Nevada, it would be a valid contract, and to uphold the release would in no way violate any statute of Nevada or conflict in the slightest degree with the decision of this court in the case of *Lawson* v. *Halifax*, 36 Nev. 596. Appellant was at all times a resident of the State of California, and, at the time the contract of settlement was made, was a resident and citizen of that state. At all times in question, respondent was a citizen and resident of the State of Maine. These facts are conclusively established, not only by record but by the removal proceedings, pursuant to which the state court of Nevada retained jurisdiction of the cause solely by reason of the fact that neither party to the action was a resident or citizen of the State of Nevada. A cause of action for personal injuries is a transitory cause of action, which follows its owner wherever he goes, and may be sued upon in any state where jurisdiction of the defendant can be secured. (*Dennick* v. *Railroad Co.*, 103 U. S. 18; 4 Labatt, Master and Servant, sec. 1620; *Christensen* v. *Floriston Pulp and Paper Co.*, 29 Nev. 552; *McIntire* v. *McIntire*, 16 D. C. 344.)

"Compromise or settlement, when full and complete and fairly made, operates as a merger and bars all right to recover on all claims and causes of action included therein." (8 Cyc. 516; *Oglesby* v. *Attrill*, 105 U. S. 611.)

When appellant saw fit to settle his controversy in California, he extinguished his cause of action. If his cause of action was extinguished, then manifestly when he crossed the state line to institute the present suit in the courts of Nevada, he had nothing to bring with him. The settlement which the statute of Nevada says shall not constitute a bar must be construed to mean a contract made and executed within the State of Nevada. The law of the place of the contract controls. (*International Harvester Co.* v. *McAdams*, 124 N. W. 1042; *Pritchard* v. *Norton*, 106 U. S. 124; 9 Cyc. 667.)

By the Court, NORCROSS, C. J.:

This is an action for damages for personal injuries sustained by appellant while employed in respondent's mine, commonly known and called the "Mason Valley Mine," in the county of Lyon, State of Nevada.

As a defense to appellant's alleged cause of action, respondent in its answer alleged that a compromise and settlement of any claim of appellant against respondent, on account of said injuries, was made between appellant and respondent in the city of San Francisco, State of California, on the 11th day of December, 1912, and that respondent then and there paid to appellant the sum of $2,175 in full settlement of said claim; that appellant, in consideration of such payment, and for other valuable consideration, made and delivered to the defendant a release of all liability by reason or on account of the said injuries and that said release was duly acknowledged by said plaintiff before a notary public in and for the city and county of San Francisco, and was and is in words and figures as follows, to wit:

"San Francisco, December 11, 1912.

"Received of Mason Valley Mines Company the sum of two thousand one hundred seventy-five dollars ($2,175)

in consideration whereof I hereby release and forever discharge the said Mason Valley Mines Company, its successors and assigns, from any or all claims and demands, actions and causes of action, and liability of every kind and nature whatsoever for, upon or on account of or by reason of any loss, damage, injury or liability sustained or which may be sustained by me in consequence of injuries received by me, the undersigned, William O. Leach, on or about the 3d day of March, 1912, in the Mason Valley Company's mines in the State of Nevada, resulting in loss of limb, and eyesight and other injuries.                               W. O. Leach."

Upon the conclusion of the taking of testimony at the trial, the court instructed the jury to return a verdict in favor of the defendant. This instruction constitutes one of the 101 assignments of error in this case.

The only question necessary to consider in this case, we think, is whether appellant is bound by the compromise and settlement of his claim for damages made by him with respondent in the State of California. There is no substantial conflict in the evidence relative to the making of the settlement in question. It was a result of negotiations covering a considerable period of time, including correspondence in which the precise terms of the final agreement were discussed. There is no contention or room for contention of any fraud upon the part of respondent in the procurement of the settlement with and the obtaining of the written release from appellant. The amount paid by respondent to appellant was approximately and possibly more than he could have received, had he elected to have settled with respondent under the provisions of an act of the legislature of this state, approved March 24, 1911 (Stats. 1911, p. 362), entitled:

"An act determining certain employments and industries to be especially dangerous, establishing a system of compensation for accidents to workmen engaged therein, requiring employers or contractors carrying on such industries to pay compensation, entitling injured workmen or their legal representatives to receive such

compensation, fixing the amount of same and the manner of payment, fixing the time within which claims for compensation must be made, prescribing the manner and method of giving notice to such owner or contractor of such accident, providing for the manner of settling disputed claims by arbitration, providing for their final determination by courts of justice, and granting to courts of justice certain additional powers in proceedings under this act, determining what persons shall be liable under this act."

Section 11 of said act provides:

"Nothing in this act contained shall be held or deemed to require any workman or his personal representatives to proceed under its terms and provisions for the recovery of compensation of damages for death or accidental injury. But if the workman or his personal representatives shall so elect, he or they may disregard the provisions of this act and may pursue any other remedy at law for the recovery of such compensation of damages for or on account of such death or injury. The right of election or choice of remedies shall be exercised solely by such workman or his representatives."

It is the contention of appellant that the settlement made by him with respondent in the State of California cannot be interposed as a complete defense to his action by reason of Rev. Laws, 5652, which provides:

"That no contract of employment, insurance, relief benefit, or indemnity for injury or death, entered into by or on behalf of any employee, nor the acceptance of any insurance, relief benefit, or indemnity by the person entitled thereto, shall constitute any bar or defense to any action brought to recover damages for personal injuries to, or death of such employee; *provided, however,* that upon the trial of such action the defendant may set off therein any sum it has contributed toward any such insurance, relief benefit, or indemnity that may have been paid to the person entitled thereto."

This provision of our statutes was sustained in *Lawson v. Halifax-Tonopah M. Co.*, 36 Nev. 591.

We concur, however, in the contention of respondent that this provision of our statute can have no application in this case, for the reason that appellant's cause of action was transitory. (*Christensen* v. *Floriston Pulp and Paper Co.*, 29 Nev. 552; *Dennick* v. *Railway Co.*, 103 U. S. 18.) Such a cause of action follows its owner and may be sued upon in any state where jurisdiction of the defendant can be secured.

As appears from the record in this case, appellant was at all times a citizen of the State of California. At the time the contract and settlement was made, he was a resident and citizen of that state. Such settlement was in accordance with the laws of the State of California and was a complete bar to any action which might be instituted in that state to recover damages for such injuries. Such settlement in the state of his residence was a complete extinguishment of his chose in action. When he came to the State of Nevada, after such settlement, he brought nothing with him that could form the basis of an action, because he had finally settled his cause of action in the state of his residence. (*Oglesby* v. *Attrill*, 105 U. S. 611; *Ogden* v. *Saunders*, 12 Wheat. 369; 8 Cyc. 516; 36 Cyc. 829.)

It is unnecessary to consider other assignments of error. The judgment is affirmed.

*Per Curiam:*

Petition for rehearing denied.